■ In the Matter of SEVEN SOUTH MAIN STREET, INC., Petitioner, v W. STEVEN SEABOYER, as City Engineer of the City of Gloversville, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Fulton County) to review a determination of the Gloversville City Engineer which held that petitioner's commercial building was dangerous under the city code and directed it to be repaired or demolished. Following a hearing before the City Engineer of the City of Gloversville, held pursuant to chapter 16 of the Gloversville City Code, it was determined that petitioner's building was dangerous and the City Engineer ordered that the building be

repaired or be demolished. When petitioner failed to make any repairs, the building was demolished pursuant to a resolution adopted by the common council directing the City Engineer to cause the demolition of petitioner's building. Petitioner urges that it was not accorded a fair and impartial hearing, and was deprived of its property without due process of law, and in that regard, alleges that it was improper for the City Engineer to sit as the hearing officer when he had prejudged the matter based upon facts of which he had acquired knowledge prior to the hearing; and that the City Engineer was both the accuser and Judge. We find no merit to this argument. The record discloses that, following inspection, the City Building Inspector found that petitioner's building was a "dangerous structure" as defined by section 16-1 of chapter 16 of the Gloversville City Code, and so advised the City Engineer and the petitioner. Thereafter petitioner received a formal notice from the City Engineer that its building was dangerous. This latter notice was purely a ministerial act on the part of the City Engineer advising petitioner that the Building Inspector found and reported the building to be dangerous. Chapter 16 of the Gloversville City Code was adopted pursuant to the specific power granted to a city by subdivision 35 of section 20 of the General City Law. We note that the State statute provides that the same city official shall make the inspection of the building and also conduct the hearing to determine whether it is dangerous, while the city code provision with which we are concerned here provides that the City Engineer shall be the hearing officer and not the official who inspected and reported on the condition of the building. It is clear from the testimony of the Building Inspector that the City Engineer was relying on the inspector's report, and made no independent determination that petitioner's building was dangerous prior to the hearing. The findings of fact and the decision of the hearing officer make no reference to any facts and are not based on any proof other than that contained in the record of the hearing. In any event, the combination of investigative and adjudicative functions in a single administrative body or officer is not, *ipso facto,* considered a denial of due process *(Withrow v Larkin,* 421 US 35; *Matter of Buffalo Teachers' Federation v Helsby,* 35 AD2d 318, app dsmd 29 NY2d 649). In our view, petitioner has not demonstrated that there was any constitutional infirmity either in the procedures followed by the respondent City Engineer or in the applicable provisions of the city code. Petitioner also alleges that respondents' findings and determination are not supported by substantial evidence. The record reveals that petitioner's building was interconnected with several other buildings with common walls; that two of these structures had already collapsed on each other; and that one of the collapsed buildings had a common wall with petitioner's building. There is detailed testimony by the city's Building Inspector regarding the serious damage and deterioration to petitioner's building and the abnormal stresses placed upon it following the collapse of the building adjoining it on the one side, as well as the deterioration and abnormal pressure and stresses to the common wall between petitioner's building and the one adjoining it on the other side. There was also testimony by a consultant construction engineer on behalf of the city, describing the precariously unsafe condition of petitioner's building, who also stated that the building could not sustain the wind loads as required by the New York State Building Code, and that the collapse of the other building adjoining it was imminent. He concluded that petitioner's property presented a danger and hazard to the people of the community. An engineer and contractor testified on behalf of the petitioner that the building was basically sound despite its defects and deterioration, but also stated that it

was a potentially dangerous building, and that vibration from a heavy passing vehicle could cause its collapse. Thus, it is clear from this record that there is substantial evidence to support the determination of respondent City Engineer. We have examined petitioner's other contentions and find them equally without merit. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.