■ HARBY ASSOCIATES, INC., Respondent-Appellant, v CITY OF GLOVERSVILLE et al., Appellants-Respondents. (And Two Related Proceedings.) — Cross appeals from an order of the Supreme Court at Special Term (Soden, J.), entered August 18, 1980 in Fulton County, which, *inter alia,* denied defendants' motion to dismiss the complaint and petitions of Harby Associates, Inc., for failure to comply with the Statute of Limitations. In September of 1976, the Gloversville Building Inspector and City Engineer inspected certain buildings that shared a common or abutting wall with neighboring buildings, including the buildings in question owned by plaintiff. It was determined, and plaintiff was so notified in writing, that the buildings were "dangerous buildings" as defined by section 16-1 of the Gloversville City Code. After a second inspection and a hearing before the city engineer, it was determined that the buildings were in fact dangerous and they were ordered repaired or demolished within 10 days. Thereafter, the city had the buildings demolished by a private contractor and established a special assessment roll wherein plaintiff was assessed $14,092 as its share of the demolition costs. On July 18, 1977, plaintiff

instituted two special proceedings challenging the tax assessments on the grounds that section 16-7 of the Gloversville City Code was unconstitutional; that the city engineer's order to demolish the buildings was illegal; that the buildings were not "dangerous buildings"; that the city engineer was not an impartial arbiter; and that he did not conform to the requirements of the code. Plaintiff also, on July 28, 1977, commenced an action seeking a declaration that chapter 16 of the Gloversville City Code was unconstitutional and that the actions of the city were illegal and the assessment null and void. Special Term declared that section 16-7 of the Gloversville City Code was constitutional on its face and as applied to plaintiff. It also denied all motions by defendant to dismiss the petitions and complaint. Finally, Special Term converted the controversy to an action for declaratory judgment pursuant to CPLR 103 (subd [c]). This appeal by defendant ensued and plaintiff cross-appealed the declaration concerning the constitutionality of section 16-7 of the city code. Plaintiff, however, has apparently abandoned its cross appeal since it did not address the issue of the section's constitutionality in its brief. In any event, we are of the opinion that it is constitutional (see *Matter of Seven South Main St. v Seaboyer,* 57 AD2d 1031, 1032). Defendant contends that Special Term erred in treating the lawsuit as an action for declaratory judgment claiming that such an action is untimely. The crucial issue for our determination in resolving this controversy narrows to which Statute of Limitations governs, CPLR 213 (subd 1) or 217. This requires an examination and evaluation of plaintiff's claims to determine which challenge a legislative act and which challenge an administrative determination. It is well settled that a CPLR article 78 proceeding is not available to review a legislative act *(Matter of Merced v Fisher,* 38 NY2d 557). Initially, plaintiff challenges the constitutionality of chapter 16 of the city code, a legislative act. Such a challenge may not be reviewed by a CPLR article 78 proceeding *(Matter of Devereaux v New York State Teachers' Retirement Bd.,* 75 AD2d 277, mot for lv to app den 51 NY2d 705). Since no other form of proceeding exists for the resolution of the issue, the six-year Statute of Limitations (CPLR 213, subd 1) applies (see *Solnick v Whalen,* 49 NY2d 224). Consequently, plaintiff's constitutional challenge was timely although, as previously noted, plaintiff has not succeeded on the merits on this issue. The other acts complained of by plaintiff are the demolition of its buildings by order of the city engineer and a special tax assessment levied by the common council. These acts are, in our view, more properly classified as administrative determinations and review could have been sought and obtained under CPLR article 78 if brought within four months as required by CPLR 217. An examination of the record, however, reveals that the acts in question occurred on different dates. Since a CPLR article 78 proceeding challenging the determination of the city engineer would have been time barred in July, 1977, the present action insofar as it pertains to that determination is also time barred (see *Solnick v Whalen,* 49 NY2d 224, *supra).* The remainder of plaintiff's claims concern the special assessment levied against it. The assessment roll did not become final until July 1, 1977 and the petitions were brought on July 18, 1977. Consequently, the challenges to the special assessment were timely instituted. Order modified, on the law, by reversing so much thereof as denied the motion of the City of Gloversville to dismiss those portions of the complaint and petitions which challenge the demolition order of and hearing held by the city engineer, and said portions dismissed, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.