■ Fleet Mortgage Corp., Appellant, v City of Watertown et al., Respondents. [596 NYS2d 270] —Judgment unanimously affirmed with costs. Memorandum: Petitioner's primary contention on appeal is that the provisions of the Watertown Code relating to the demolition of buildings violate the requirements of General City Law § 20 (35). Respondents concede that the provisions of the ordinance did not fully

comply with the requirement of notice to "persons having an interest" in the property to be demolished (General City Law § 20 [35] [b], [e]), and point out that the ordinance has been amended to conform to the statute. The inconsistency between the ordinance and the statute, however, did not harm petitioner because petitioner received actual notice of the proposed demolition and the right to a hearing. Further, petitioner actually appeared before the City Council and was provided an opportunity to challenge the proposed demolition.

Similarly, petitioner's constitutional challenge to the ordinance, raised in the first and second causes of action, was properly rejected. "Since notice is for the purpose of affording the party an opportunity to be heard * * * if he actually appears in the proceeding it is obvious that the notice becomes unimportant, and no denial of due process is involved in the lack thereof" (20 NY Jur 2d, Constitutional Law, § 405, citing *Chapman v Chapman,* 284 App Div 504). Insofar as the first and second causes of action attack the actions of the City in demolishing the buildings, rather than the validity of the Watertown Code itself, review could have been sought and obtained in a CPLR article 78 proceeding if brought within four months as required by CPLR 217 *(see, Harby Assocs. v City of Gloversville,* 82 AD2d 1003, 1004). The buildings were demolished in January 1991 and the proceeding was commenced in October 1991, well beyond the limitation period.

Petitioner's claim for monetary relief in the second and third causes of action was properly denied because of petitioner's failure to file timely notices of claim pursuant to General Municipal Law § 50-e (1). Petitioner's fourth cause of action is untimely and lacking in merit. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.