■ In the Matter of UNITED VETERANS MUTUAL HOUSING No. 2 CORP., Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent. [616 NYS2d 84] —In a proceeding pursuant to the Administrative Code of the City of New York § 8-123 (former § 8-110), to review a determination of the Commissioner of New York City Commission on Human Rights, dated June 7, 1991, which adopted the recommendation of a Hearing Officer compelling the petitioner to implement a policy of nondiscrimination in its housing accommodations, the petitioner appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), dated June 29, 1992, which denied the petition as academic and granted the respondent's cross petition to enforce the determination to the extent of directing the petitioner to cease and desist from its policy of refusing to expend any corporate funds to reasonably accommodate the needs of its disabled residents.

Ordered that the judgment is affirmed, with costs.

The petitioner, a cooperative housing corporation that leases to its shareholders 800 apartments in a garden apartment complex known as Bell Park Gardens, commenced this proceeding, pursuant to Administrative Code § 8-123 (former § 8-110), to annul a determination of the Commissioner of the New York City Commission on Human Rights, which (1) found that the petitioner's policy of refusing to expend any corporate funds to reasonably accommodate the needs of its residents with disabilities is a discriminatory practice in violation of Administrative Code § 8-107 (5) (a) (2), former § 8-108, and former § 8-102 (16) (e); (2) directed the petitioner to cease and desist from this policy and, within 90 days, to submit proof of its establishment of a policy that is in compliance with the Administrative Code; and (3) required the petitioner to expend corporate funds in order to provide its disabled residents with reasonable accommodations.

The Supreme Court denied as academic the petition to annul the Commissioner's determination because, while the petition was pending, the City Council amended the Administrative Code to explicitly adopt the Commissioner's interpretation thereof. The Supreme Court granted the Commission on Human Rights' cross petition to enforce its determination. It

is from the Supreme Court's judgment that the petitioner appeals.

Initially, we note that, contrary to the petitioner's contention, the Federal Fair Housing Act does not preempt State or local law from dealing with the issue of reasonable accommodations for handicapped or disabled persons in their residences *(see,* 42 USC § 3604 [f] [3], [8]). Moreover, the provisions of the Administrative Code pertaining to reasonable accommodations are not in conflict with the Federal Fair Housing Act since both essentially provide that it shall be unlawful for any person or entity to refuse to make reasonable accommodations to afford a handicapped person equal opportunity to use and enjoy a dwelling unit *(compare,* 42 USC § 3604 [f] [3] [B]; Administrative Code § 8-107 [5], [15]; § 8-102 [18]). Thus, the petitioner's policy of refusing to expend corporate funds to construct, modify, maintain, or insure any improvements to the common grounds or other common areas of Bell Park Gardens to accommodate the needs of its residents with disabilities clearly violates both the Federal Fair Housing Act *(see,* 42 USC § 3604 [f] [3] [B]) and the applicable provisions of the Administrative Code *(see,* Administrative Code § 8-107 [5], [15]; § 8-102 [18]).

We find that, contrary to the petitioner's contention, the Commissioner's determination does not violate the Due Process or the Equal Protection Clauses of the United States Constitution simply because it effectively requests the individual cooperators to pay for something which solely benefits another cooperator. Legislation which is designed to prevent discrimination in general and to protect the disabled in particular is intended to promote the general welfare of the community. Undoubtedly, "[l]egislation designed to promote the general welfare commonly burdens some more than others" *(Penn Cent. Transp. Co. v New York City,* 438 US 104, 133; *see also, Goldblatt v Hempstead,* 369 US 590; *Atchison Ry. Co. v Public Utils. Commn.,* 346 US 346).

The Commission on Human Rights was a proper forum for the adjudication of the issue raised herein *(see, Matter of Children of Bedford v Petromelis,* 77 NY2d 713, *vacated on other grounds* 502 US 1025; *Matter of Seven S. Main St. v Seaboyer,* 57 AD2d 1031).

We have considered the petitioner's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.