HARRY MARTIN, as Administrator of the Estate of CHARLES KATZ, Deceased, Respondent, v. MAX KATZ, Individually and Doing Business as CAPITAL AMUSEMENT COMPANY, Appellant.—

It is well settled that the courts should adopt a liberal policy in allowing amendments to pleadings at any time before the trial to the end that the parties may have a full and just determination of the action upon the merits (see 4 Carmody-Wait, New York Practice, § 26, p. 568; *Shuffman* v. *Shuffman*, 6 A D 2d 1030), and that, as a general proposition, questions relating to the sufficiency and the merits of the defenses proposed to be added by amendment should be reserved for determination on a proper motion or upon the trial. (See 4 Carmody-Wait, New York Practice, § 25, p. 566; also *Bendan Holding Corp.* v. *Rodner*, 245 App. Div. 723; *Cohen* v. *Dana*, 273 App. Div. 1017; *Anderson* v. *New York Cent. R. R. Co.*, 284 App. Div. 64, 65 and cases cited.) Therefore, under the circumstances here, it was an abuse of discretion for Special Term to unconditionally deny the defendant's motion. The circumstances are such, however, that terms by way of payment of costs to date, as aforesaid, should be imposed as a condition of allowing the service of the amended pleading (see 4 Carmody-Wait, New York Practice, §§ 27–28, pp. 571–575; cf. *Minasy* v. *Foster Wheeler Corp.*, 15 A D 2d 759). Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

ALGAELOIN CORPORATION, Respondent, et al., Plaintiff, v. SYLVAN LAWRENCE et al., Copartners Doing Business under the Name of SYLVAN LAWRENCE COMPANY, Appellants.— In this action for conversion of certain property by a landlord acting as a bailee, the issues were not properly presented to the jury. This has particular application to whether, under the conditions surrounding the storage, it was a negligent breach of duty for the defendants to have deemed the property to have been abandoned. Further, we are of the opinion that the verdict, even as reduced by the court, was, to a substantial degree, in excess of the value of the merchandise allegedly converted as that value can be determined from the proof. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.