■ SAM FULFORD, Respondent, v BAKER PERKINS, INC., Appellant. (And a Third-Party Action.) — In an action to recover damages for personal injuries based upon theories of negligence, breach of warranty and strict products liability, defendant appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated November 24, 1982, which denied its motion to amend its answer to the complaint to assert three additional affirmative defenses. ¶ Order affirmed, without costs or disbursements. ¶ On September 17, 1975, Sam Fulford, the plaintiff in this action, allegedly sustained traumatic amputation of three of the fingers of his right hand, when, in the course of his employment, that extremity became caught in a compound blending machine manufactured by defendant. ¶ In November, 1977, plaintiff commenced the instant action, seeking by his complaint damages predicated upon theories of negligence, breach of warranty and strict products liability. Defendant's answer, interposed in January, 1978, asserted, *inter alia,* the affirmative defenses of diminution of damages (see CPLR 1412), assumption of the risk, lack of in personam jurisdiction and Statute of Limitations. In December, 1979, defendant instituted a third-party action against plaintiff's employer. Thereafter, discovery proceedings were completed, a note of issue and statement of readiness were filed in February, 1981, and the matter was set down for a pretrial conference on August 9, 1982. ¶ Almost five years from the institution of the action, with the trial scheduled to begin within a month, defendant retained new counsel on or about August 9, 1982, and brought on a motion by order to show cause returnable September 14, 1982, seeking, pursuant to CPLR 3025, to amend its answer to include three additional affirmative defenses. These defenses were lack of privity between plaintiff and defendant, failure to state a cause of action based upon alleged "changes and substantial modifications" made to the blending machine which, defendant asserted, had been manufactured in 1929 and thereafter passed through seven different owners, and the Statute of Frauds with respect to any claim for breach of warranty. ¶ Special Term, noting that all disclosure proceedings had been completed, that the case was presently awaiting trial and that plaintiff had prepared his case based upon an answer interposed nearly five years previously, concluded that plaintiff would be prejudiced by amendment of the answer at the current stage of the litigation. We agree. ¶ Pursuant to CPLR 3025 (subd [b]), a court shall freely grant a party leave to amend his pleading upon such terms as may be just, "absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). Whether to grant or deny leave to amend an answer is a matter of judicial discretion to be determined on a case-by-case basis (see *Mayers v D'Agostino,* 58 NY2d 696, 698; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476). ¶ It may reasonably be inferred that defendant was possessed of the data underlying the defenses it belatedly seeks to introduce, either at the time of joinder of issue, or at the latest, defendant knew or should have been cognizant of such facts by the time disclosure was completed. In sum, such defenses could readily have been pleaded earlier, either in the original answer or by a more prompt application to amend that answer. Further, the explanation proffered by defendant — namely, the recent retention of new counsel is no excuse for its inordinate delay in moving to amend. Such neglect, coupled with the fact that plaintiff has been prejudiced by the expenditure of time and effort in preparing a case in

response to a pleading from which significant material was needlessly omitted, constitutes sufficient reason for Special Term's denial of defendant's motion (see Siegel, NY Prac, § 237, p 289; *Shanahan v Shanahan,* 92 AD2d 566; cf. *James-Smith v Rottenberg,* 32 AD2d 792; *Foster Co. v Terry Contr.,* 25 AD2d 721; but cf. *Murray v City of New York,* 43 NY2d 400, mot for rearg dsmd 45 NY2d 966; *Wyso v City of New York,* 91 AD2d 661, which permitted the assertion of an affirmative defense based on the exclusive remedy of Workers' Compensation). ¶ Accordingly, upon review of the record in this case, we conclude that Special Term's denial of defendant's motion to amend its answer cannot be deemed an improvident exercise of discretion. Lazer, J. P., Gibbons and Boyers, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from and grant defendant's motion, with the following memorandum: Defendant sought leave of the court to amend its answer to include the three affirmative defenses of nonprivity, failure to state a cause of action and the Statute of Frauds. The motion was made approximately five years after the action was commenced and some four and one-half years after the joinder of issue. The omission of the subject defenses allegedly became apparent upon a review of the pleadings by defendant's newly obtained counsel. Plaintiff opposed the application contending that to permit the amendment of the answer would be unduly prejudicial to him inasmuch as the affirmative defenses sought to be added by defendant were allegedly based upon facts existing at the time the complaint was first served. Moreover, all pretrial discovery procedures had already been completed some time prior to defendant's application so that granting the relief requested by defendant would compel plaintiff to go to trial without an adequate opportunity to explore the new defenses asserted. At the time of defendant's application, the case was scheduled to be tried in less than one month. ¶ Special Term denied defendant's motion on the ground that to permit *the requested amendment would result in prejudice to plaintiff.* Defendant appeals from the order denying its motion maintaining that "prejudice and surprise would not result to plaintiff if so granted, and extreme prejudice will result to defendant if forced to proceed to trial without being permitted to raise all proper defenses in its behalf". ¶ CPLR 3025 (subd [b]) provides: "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances". ¶ This section has been liberally construed in order to freely permit pleadings to be amended. New York's liberal policy concerning the amendment of pleadings is calculated to insure that litigants be afforded a full and equitable determination of their actions on the merits (*Martin v Katz,* 15 AD2d 767). When the party opposing a motion to amend a pleading cannot demonstrate prejudice or surprise resulting directly from the delay, denial of such motion has been deemed an abuse of discretion (see *Murray v City of New York,* 43 NY2d 400, mot for rearg dsmd 45 NY2d 966; *Caruso v Hoyer & Co.,* 79 AD2d 670). ¶ Although the statute permits amendments to be made at any time, delays should be minimized in order to avoid the objection of laches. "While there is no arbitrary time limit, and motions under CPLR 3025(b) have been granted on the eve of trial and even on appeal, a sui generis application of the laches doctrine is permissible. If it shows lateness plus prejudice traceable to the lateness on the facts of the particular case, the amendment will be denied" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 476). ¶ As a rule, mere lateness is not a barrier to the amendment, although lateness coupled with substantial prejudice is. By way of explanation, "the showing of prejudice that will defeat the amendment must be traced right back to the omission from

the original pleading of whatever it is the amended pleading wants to add — some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add" (Siegel, NY Prac, § 237, p 289). ¶ In the instant case, plaintiff asserted in his complaint a cause of action sounding in breach of warranty. In view of this fact, it was not unforeseeable that defendant would assert an affirmative defense based upon an alleged lack of privity. Consequently, plaintiff has failed to establish the element of surprise. Moreover, the prejudice which would accrue to plaintiff if defendant's belated application were granted would be minimal in comparison to the prejudice which defendant would sustain if compelled to proceed to trial without the ability to raise all appropriate defenses on its own behalf. ¶ In view of the meritorious nature of the affirmative defenses sought to be interposed as well as the State's liberal policy regarding leave to serve amended pleadings, I vote to reverse the order appealed from.