■ EDMUND MATTOTT, Respondent, v RENAULT USA et al., Appellants. — In an action to recover damages for personal injuries arising from an automobile accident, based on theories of negligence, breach of warranty and strict products liability, defendants separately appeal from an order of the Supreme Court, Rockland County (Benson, J.), entered February 23, 1984, which denied their respective motions for leave to amend their answers to assert an additional affirmative defense concerning plaintiff's failure to wear his seat belt at the time of the accident.

Order reversed, without costs or disbursements, and motions granted upon condition that each defendant's attorney pay $500 (making a total of $1,000) to the plaintiff. The time to make the payments is extended until 20 days after service upon the defendants of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order affirmed, with one bill of costs.

Plaintiff admitted at his examination before trial that he had not been using his seat belt at the time of the accident. Thus, he was aware that this fact might be brought out at the trial. Also, plaintiff's theory is one of defective design or manufacture of the windshield, so that the seat belt defense would not go to the issue of liability but only to mitigation of damages (see *Curry v Moser,* 89 AD2d 1).

Under the circumstances, where there has been no showing of prejudice or surprise, it was an improvident exercise of discretion for the court to deny the defendants' motions to amend their

answers only on the plaintiff's "eve of trial" contention. However, in view of the delay, we have conditioned the granting of the motions on the payment of an appropriate sanction. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.