■ BRENDA J. BEUSCHEL et al., Appellants, v WILLIAM E. MALM, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered January 3, 1985 in Rensselaer County, which denied plaintiffs' motion for leave to amend their complaint and bill of particulars.

Plaintiffs, husband and wife, commenced this action in June of 1983 to recover for injuries sustained in March of 1983 when their motor vehicle was struck by a motor vehicle operated by defendant. The complaint contained causes of action sounding in negligence and sought damages for personal injuries to each of the plaintiffs, as well as medical expenses and loss of consortium on behalf of plaintiff Noel Beuschel. A note of issue was filed on November 16, 1983. On February 23, 1984, the Court of Appeals issued a decision which, for the first time in New York State, allowed a plaintiff to recover for mental or emotional damages suffered as a result of observing the serious physical injury or death of an immediate family member where the plaintiff was also in the zone of danger created by a negligent tort-feasor's conduct *(Bovsun v Sanperi,* 61 NY2d 219). On October 4, 1984, plaintiffs moved for leave to amend their complaint and bill of particulars to include a claim for damages for "serious and verifiable emotional disturbance" on behalf of plaintiff Noel Beuschel for observing the serious injuries to his wife. Special Term denied the motion and this appeal ensued.

While leave to amend should be freely given (CPLR 3025 [b]), such a motion rests within the discretion of the trial court and the exercise of such discretion will not lightly be set aside *(see, Fultonville Frozen Foods v Niagara Mohawk Power Corp.,* 91 AD2d 732, 733). An important factor to be considered is that the motion should be made promptly after discovery or awareness of facts upon which such amendment is predicated *(De Carlo v Economy Baler Div. of Am. Hoist & Derrick Co.,* 57 AD2d 1002). This factor takes on even greater significance when an action is ready for trial. Here, after the note of issue had been filed, there was a delay of over seven months after *Bovsun (supra)* was handed down before plaintiffs made their motion to amend. Based on these circumstances, it cannot be said that Special Term abused its discretion in denying the motion.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.