■ RALPH E. POWE et al., Respondents, v CITY OF ALBANY et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 3, 1986 in Albany County, which denied defendants' motion for leave to amend their answer and to dismiss the complaint.

In September 1982, defendants, the City of Albany and its Commissioner of Buildings, allegedly had plaintiffs' three-story brick building demolished because it was a fire and health hazard. After filing a timely notice of claim against the city, plaintiffs, in August 1983, served a summons and complaint charging, *inter alia,* that defendants had deprived them of their property in contravention of due process guarantees afforded by the Federal and State Constitutions; plaintiffs asked for money damages. Some 2½ years after issue was joined, new counsel engaged by defendants moved to amend the answer to include an affirmative defense based on the "applicable Statute of Limitations" and for dismissal of the complaint. Denial of that motion in its entirety prompted this appeal.

CPLR 3025 (b) has been consistently interpreted to authorize pleading amendments absent a showing of "prejudice" or "unfair surprise" *(Aetna Cas. & Sur. Co. v Sheldon,* 124 AD2d 428, 429; *see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.15), neither of which has been demonstrated here. Plaintiffs offer nothing more than a conclusory assertion that defendants should be estopped on grounds of surprise and laches. There is no showing that they will suffer a loss of some special right or a change in position if the motion is granted. Nor is there demonstrable evidence that they incurred any significant trouble or expense which could have been avoided had defendants asserted the Statute of Limitations defense earlier. In this last respect, we note that apart from furnishing a bill of particulars and submitting to an examination before trial, neither of which is claimed to be onerous in any way, plaintiffs' discovery has been limited to a comparatively

simple demand for a bill of particulars and several demands to produce made pursuant to CPLR 3041 and 3120, respectively—none of which appear particularly complex or demanding to construct. There being no prejudice or surprise occasioned directly by defendants' delay in amending their answer, the proposed amendment should have been granted (see, Pegno Constr. Corp. v City of New York, 95 AD2d 655, 656; Siegel, NY Prac § 237, at 289).

As granting the motion to amend is appropriate, defendants' other contention that the complaint should be dismissed as untimely must now be addressed. This argument presupposes that the complaint is aimed at obtaining a review of defendants' administrative decision, allegedly made without first affording plaintiffs a hearing, to raze the building. Were the complaint couched in those terms, the argument would indeed have force since then plaintiffs' remedy, a CPLR article 78 proceeding, would be barred by the four-month Statute of Limitations which governs those proceedings (see, Harby Assocs. v City of Gloversville, 82 AD2d 1003; CPLR 217). But the complaint does not seek review of procedures employed or omitted by defendants. It alleges that defendant "Commissioner, while acting under color of Law did enter into an agreement to unlawfully destroy [plaintiffs'] building". Though inartfully drawn, the complaint sets forth the material elements of a cause of action under 42 USC § 1983 to vindicate plaintiffs' right to be free of deprivations of property which do not comport with due process guarantees (see, Lynch v Household Fin. Corp., 405 US 538). Inasmuch as this action was commenced within three years, it is not time barred (see, 423 S. Salina St. v City of Syracuse, 68 NY2d 474).

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied defendants' motion for leave to amend their answer; motion granted to that extent and the phrase "as being moot" is deleted from the order's second decretal paragraph; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.