■ M. Kramer & Sons, Inc., Respondent, v Facilities Development Corporation, Appellant.—Weiss, J. Appeal

from an order of the Supreme Court (Kahn, J.), entered July 3, 1986 in Albany County, which denied defendant's motion for leave to amend its answer.

The factual background for this matter is set forth in a previous decision of this court (113 AD2d 97). In affirming the denial of defendant's motion to dismiss the complaint as untimely, we observed that defendant was free to assert as affirmative defenses in its answer that the claim was untimely pursuant to a contractual provision (§ 15.9) between the parties or pursuant to the six-year Statute of Limitations set forth in CPLR 213 *(supra,* at 100). While that appeal was pending, and pursuant to demand, defendant served an answer raising as affirmative defenses plaintiff's failure to comply with either section 15.9 of the contract or State Finance Law § 145. The parties thereafter stipulated that defendant would withdraw these defenses in the event that plaintiff was successful on the appeal then pending. Following this court's determination, defendant moved to amend its answer to assert as additional affirmative defenses that the action was untimely pursuant to CPLR 213 and the parties' contractual agreement shortening the applicable Statute of Limitations to six months. Finding that these defenses had previously been "rejected or withdrawn by stipulation", Supreme Court denied the motion. Defendant has appealed.

We reverse. As stated in our previous decision, the precise issue of whether the parties had contractually agreed to shorten the applicable Statute of Limitations by virtue of section 15.9 of the contract was not raised before Supreme Court. A review of the motion to dismiss and Supreme Court's initial ruling shows that both defendant and the court treated section 15.9 as a release provision only. It follows that defendant was not precluded from raising this defense under the "law of the case" doctrine. Nor can we agree that this particular defense was waived by stipulation between the parties. That stipulation referred to a waiver of the first and third affirmative defenses set forth in the original answer, neither of which characterized section 15.9 as a contractual shortening of the prevailing Statute of Limitations. It is further evident that our previous determination did not speak to the merits of this defense, a circumstance the parties clearly failed to anticipate in their stipulation.

We recognize that defendant did not specifically plead a claim of untimeliness under CPLR 213 or a contractual shortening of the Statute of Limitations in its original answer, but as Supreme Court recognized, this omission did not preclude

an amendment to the answer raising these defenses (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:7, at 479). CPLR 3025 (b) specifically directs that "[l]eave shall be freely given" absent a showing of laches, surprise or undue prejudice *(see, Powe v City of Albany,* 130 AD2d 823; *Trevithick v Abbott Labs.,* 72 AD2d 840). Although Supreme Court enjoys broad discretion in this area, that court's conclusion that the proposed amendment was "insufficient on its face" was erroneous. Both the contractual and statutory affirmative defenses remain viable, and, since no undue prejudice or surprise is apparent, we conclude that defendant's application for leave to amend the answer should have been granted *(see, Powe v City of Albany, supra; see,* Siegel, NY Prac § 287, at 289).

Order reversed, on the law, without costs, and motion granted. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.