■ ETHEL P. ROSS, Appellant, v STEPHEN ROSS, Respondent.— In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered September 1, 1987, as denied her motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is firmly established that, while leave to amend a pleading shall be freely granted (see, CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957; Kramer & Sons v Facilities Dev. Corp., 135 AD2d 942; Fulford v Baker Perkins, 100 AD2d 861), and the resulting determination "will not lightly be set aside" (Beuschel v Malm, 114 AD2d 569).

The record before us reveals that the plaintiff unduly delayed in seeking to amend her complaint despite her awareness of the alleged facts underlying the proposed amendment

prior to the commencement of this action. Moreover, she has failed to provide a reasonable and acceptable excuse for the delay *(see, e.g., Bertan v Richmond Mem. Hosp. & Health Center,* 106 AD2d 362; *Fulford v Baker Perkins, supra; Williams v New York Univ. Hosp.,* 88 AD2d 540), and the defendant husband has adequately demonstrated that he engaged in certain motion and appellate practice in reliance upon the allegations of the original complaint, such that he would suffer substantial prejudice if the motion for leave to amend were now granted *(see generally, Mayers v D'Agostino,* 58 NY2d 696; *Axelrod v Axelrod,* 106 AD2d 913; *Shanahan v Shanahan,* 92 AD2d 566). Under the circumstances, we discern no improvident exercise of discretion in the denial of the motion. Brown, J. P., Sullivan, Harwood and Balletta, JJ., concur.