■ MARSHALL MILLER, Appellant, v DAVID DANCHAK et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 16, 1988 in Sullivan County, which denied plaintiff's motion for leave to serve a further amended bill of particulars.

Plaintiff commenced this lawsuit to recover damages for personal injuries he allegedly sustained in July 1983 at a tavern owned by one of the defendants. In December 1983, plaintiff was informed that the insurance carrier was in rehabilitation and, as a result, a 180-day stay was in effect. The case remained inactive for approximately four years thereafter, until December 1987, when plaintiff moved for leave to amend his bill of particulars pursuant to CPLR 3025 (b) to include an operation performed on plaintiff's shoulder approximately one year after it was allegedly injured in the tavern incident.

Defendants opposed the motion on the grounds that (1) plaintiff's motion was supported only by an attorney's affirmation, (2) plaintiff failed to set forth an excuse for the 3½-year delay in seeking to amend the bill of particulars, and (3) defendants were prejudiced by the delay. Supreme Court determined that plaintiff failed to adequately explain the lengthy delay and that laches required the denial of the motion. This appeal by plaintiff ensued.

The sole issue in this case is whether Supreme Court erred in denying plaintiff permission to amend the bill of particulars. Implicit in Supreme Court's conclusion that plaintiff was guilty of laches was the finding that defendants were prejudiced by the 3½-year delay in learning of plaintiff's surgery. Defendants contend that they have been prejudiced by the delay in that they are now unable to obtain an independent medical examination to evaluate the presurgery nature of plaintiff's injuries and to ascertain whether a causal relationship existed between the alleged injury and the operation. Defendants, however, fail to specify how the passage of 3½ years has impaired their ability to make these assessments. Plaintiff had no affirmative obligation to inform them prior to the surgery. In addition, there is nothing in defendants' submissions opposing the motion which explains why a physical examination of plaintiff in the weeks or months following

the surgery would yield more information than one conducted at this time. Accordingly, we disagree with Supreme Court's determination that defendants have suffered significant prejudice, a necessary element of the laches doctrine *(see, Edenwald Constr. Co. v City of New York,* 60 NY2d 957, 959).

This is not a case where the action is ready to proceed to trial; on the contrary, it appears that there was little if any activity by either side during the period of delay. This conclusion is supported by the fact that defendants fail to point to anything done in preparation for trial which is affected by plaintiff's proposed amendment *(cf., Dougherty v Lupe Constr. Co.,* 98 AD2d 868, 869). Moreover, plaintiff's original bill of particulars alleged that plaintiff sustained serious and permanent injury to his shoulder. Consequently, plaintiff's motion to include his subsequent shoulder surgery is not the type of revelation which results in unfair surprise to defendants *(cf., Dolan v Garden City Union Free School Dist.,* 113 AD2d 781, 786).

Based on the foregoing, we conclude that defendants' claim of prejudice is unavailing. It is well settled that mere lateness, without proof of some consequential prejudice, does not constitute grounds for denying a motion for leave to amend pursuant to CPLR 3025 (b) *(see, Edenwald Constr. Co. v City of New York, supra; see also, Kalish v Manhasset Med. Center Hosp.,* 100 AD2d 507, 508). Moreover, plaintiff did not seek to increase the ad damnum clause of the complaint, thereby obviating the requirement of the submission of a physician's affidavit *(cf., Dolan v Garden City Union Free School Dist., supra; Davis v City of Troy,* 57 AD2d 990). The attorney's moving affidavit was accompanied by the proposed further amended bill of particulars, verified by plaintiff, who obviously had direct knowledge of the surgery he underwent. Additionally, plaintiff's attorney submitted with his reply affidavit hospital records concerning the operation, suggesting a causal connection between the surgery and the shoulder separation alleged in plaintiff's original bill of particulars. Thus, there was substantial compliance with all of the formal requirements for the requested amendment, except for the absence of a reasonable excuse for the delay stated in the attorney's affidavit. In our view, the appropriate response, as a matter of the exercise of discretion, was not to have denied the application but rather to impose a sanction of $500 costs, to be paid by plaintiff's attorney, as a condition for granting the application *(see, Mattott v Renault USA,* 105 AD2d 697; *Horwitz v Nagamatsu,* 103 AD2d 736).

Order reversed, on the facts, without costs, and motion granted upon condition that plaintiff's attorney pay $500 costs to defendants within 30 days after service of a copy of the order to be made herein, with notice of entry. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.