■ RONALD CITRIN, Appellant, v ROYAL INSURANCE COMPANY, INC., Respondent.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated December 14, 1989, which denied his motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

We find unpersuasive the plaintiff's contention that the Supreme Court erred in denying his motion to amend certain allegations of the complaint and to insert a request for an award of damages in excess of $1,000,000. As we have previously observed: "It is firmly established that, while leave to amend a pleading shall be freely granted *(see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942; *Fulford v Baker Perkins,* 100 AD2d 861), and the resulting determination 'will not lightly be set aside' *(Beuschel v Malm,* 114 AD2d 569)" *(Ross v Ross,* 143 AD2d 429). The record in the instant case demonstrates that the proposed factual allegations and requested damages set forth in the plaintiff's motion would radically alter the terms of the alleged oral agreement upon which the plaintiff has commenced suit and upon which the defendant has relied in preparing its defense and conducting discovery. The plaintiff has offered no reasonable excuse for his lengthy delay in seeking to amend the complaint *(see, Ross v Ross, supra; Gallo v Aiello,* 139 AD2d 490). Moreover, the proposed factual allegations find no evidentiary support in the record, but instead are refuted by the plaintiff's own deposition testimony and therefore are patently without merit. Given these circumstances, we discern no improvident exercise of discretion in the Supreme Court's denial of his motion *(see, Ross v Ross, supra; Century Resources Corp. v Weir,* 134 AD2d 398; *Dolan v Garden City Union Free School Dist.,* 113 AD2d 781).

We have considered the defendant's alternative contention and find it to be without merit. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.