■ GEORGE LECHTRECKER, Appellant, v FRANCESCA LECHTRECKER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 31, 1989, which denied his motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion is granted, the proposed amended complaint is deemed served, and the defendant wife's time to answer the amended complaint is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

Leave to serve an amended pleading is liberally granted *(see, CPLR 3025 [b]; McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755, 757; Fahey v County of Ontario, 44 NY2d 934, 935).* While motions for such relief are addressed to the broad discretion of the trial court *(see, Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Kramer & Sons v Facilities Dev. Corp., 135 AD2d 942; Fulford v Baker Perkins, 100 AD2d 861),* whose determination "will not lightly be set aside" *(Beuschel v Malm, 114 AD2d 569),* the court herein erred in failing to grant the plaintiff's motion.

The fact that the plaintiff waited until the eve of trial, some four years after the commencement of the divorce action, did not justify the denial of his motion for leave to serve an amended complaint to add a cause of action for a divorce based upon cruel and inhuman treatment *(see, A & M Wallboard v Marine Tower Assocs.,* 125 AD2d 354). This is especially true since the defendant failed to show that she was prejudiced or otherwise surprised as a result of the delay in seeking leave to amend *(see, Vickers v Vickers,* 131 AD2d 565; *Mattott v Renault USA,* 105 AD2d 697; *D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686). Moreover, a review of the plaintiff's proposed amended complaint indicates that the plaintiff may be able to establish a meritorious cause of action *(see, Echevarria v Echevarria,* 40 NY2d 262; *Miglio v Miglio,* 147 AD2d 460; *Siczewicz v Siczewicz,* 92 AD2d 915; *Bulger v Bulger,* 88 AD2d 895; *Stauble v Stauble,* 72 AD2d 581). Bracken, J. P., Harwood, Eiber and Balletta, JJ., concur.