■ F.G.L. KNITTING MILLS, INC., et al., Respondents, v 1087 FLUSHING PROPERTY, INC., Appellant-Respondent, and DANDEE CREATIONS, LTD., Respondent-Appellant. [594 NYS2d 820] —In an action, *inter alia,* to recover damages for injuries sustained to property, 1087 Flushing Property, Inc. appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 23, 1991, which denied its motion to amend its answer to assert an affirmative defense based upon "waiver of subrogation" and to dismiss the action, and Dandee Creations, Ltd., cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The court's denial of the motion of 1087 Flushing Property, Inc., to amend its answer was not an improvident exercise of discretion. This Court has consistently maintained that " 'while leave to amend a pleading shall be freely granted *(see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942; *Fulford v Baker Perkins,* 100 AD2d 861), and the resulting determination "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569)' " *(Citrin v Royal Ins. Co.,* 172 AD2d 795, quoting *Ross v Ross,* 143 AD2d 429). In reviewing the exercise of its discretion, we look to those

factors which the Supreme Court must consider in rendering its determination. The court must consider whether there has been a gross delay in asserting the amendment and, where the action has long been certified ready for trial, to rule with caution and circumspection *(see, Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557). Furthermore, "[t]he court will also note how long the amending party was aware of the facts upon which the motion was predicated, and whether it offers a reasonable excuse for its lengthy delay" *(Pellegrino v New York City Tr. Auth., supra,* at 557, citing *Balport Constr. Co. v New York Tel. Co.,* 134 AD2d 309; *see also, Mawardi v New York Prop. Ins. Underwriting Assn.,* 183 AD2d 758). In this case, the appellant moved to amend its answer so to assert an affirmative defense two days prior to jury selection and over one year after the case had been placed upon the trial calendar. Compounding the inherently questionable nature of such motion practice, the lease provision upon which the prospective affirmative defense is based has been known to the appellant since the very inception of this action. Significantly, the appellant has failed to proffer an acceptable excuse for this delay. Moreover, since the plaintiffs have prepared their respective cases in response to the original answer, they would suffer prejudice by the late addition of this defense theory *(see, Mawardi v New York Prop. Ins. Underwriting Assn., supra).* Accordingly, the court did not err in refusing to permit the requested amendment.

Similarly devoid of merit is the cross motion for summary judgment by Dandee Creations, Ltd. Indeed, although the court improperly relied upon the doctrine of laches in denying the cross motion, the existence of triable issues of fact mandates the denial of summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.