OPINION OF THE COURT
Jacqueline W. Silbermann, J.
Plaintiff husband moves by order to show cause for an order permitting plaintiff to amend the second cause of action in his amended complaint by adding new allegations of cruel and *989 inhuman treatment by defendant wife; directing defendant to produce all of her jewelry for discovery, inspection and appraisal at a date to be fixed by this court and directing defendant to appear for an examination before trial with the documents listed in the schedule attached to the notice to take deposition upon oral examination dated October 15, 1993. Defendant opposes the motion.
In this motion this court is presented with an issue of first impression: whether leave may be given to file a supplemental complaint in a matrimonial action where the alleged additional acts occurred postcommencement of the action. On June 10, 1993 an amended verified complaint was served on defendant by plaintiff pursuant to a stipulation of the parties. It added a cause of action for cruel and inhuman treatment. Plaintiff contends that subsequent to the amended complaint, the defendant allegedly continued a course of cruel and inhuman treatment. In addition, he claims that the amended complaint does not address defendant’s alleged malicious acts of accusing plaintiff of criminal conduct.
Defendant claims that plaintiff’s motion must be denied as the newly alleged acts of cruelty occurred subsequent to the commencement of this action. She states that plaintiff may not amend his complaint as his action must either stand or be dismissed pursuant to the first amended complaint. Defendant’s counsel contends that the commencement date is a significant date under the Equitable Distribution Law as it is the cut-off date for the acquisition of marital property.
Generally, leave is freely given to amend or supplement a pleading. (CPLR 3025.) It is within the court’s discretion to allow such amendment at any time and on terms as may be just. (See, Murray v City of New York, 43 NY2d 400, 405 [1977].) In Getz v Getz (130 AD2d 710 [2d Dept 1987]), cited in plaintiff’s papers, leave was given to submit a supplemental complaint with additional allegations of cruel and inhuman treatment. In Getz, however, the Court did not state whether the additional allegations were pre- or post-commencement of the action. Defendant’s papers additionally cite two cases where postcommencement allegations were allowed to be pleaded in a supplemental complaint. The court, however, notes that both Otto v Otto (220 App Div 130 [1st Dept 1927]) and Shuffman v Shuffman (6 AD2d 1030 [1st Dept 1953]) predate the current Equitable Distribution Law.
The jurisdiction of this court to grant a divorce exists only *990 by virtue of statute. (Pajak v Pajak, 56 NY2d 394, 396 [1982].) On June 19, 1980, the New York State Legislature enacted Domestic Relations Law § 236 (B), a section commonly referred to as the Equitable Distribution Law, which "achieved a major and dramatic overhaul of the New York statutes which govern the ecomonic life of the family.” (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 236, at 140.) Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the * * * commencement of a matrimonial action, regardless of the form in which title is held” (emphasis supplied). In addition, Domestic Relations Law § 236 (B) (4) (b) provides in pertinent part "[t]he valuation date or dates may be anytime from the date of commencement of the action to the date of trial.” (Emphasis supplied.) Thus, under the Equitable Distribution Law the commencement date serves both as a date for closing the marital holdings and also as a potential valuation date for the marital assets.
The court has traditionally recognized the significance of the commencement date. In Marcus v Marcus (137 AD2d 131 [2d Dept 1988]) the Court did not allow a prior dismissed action to serve as a valuation date for assets in a subsequent action. The Court reasoned that it would be contrary to the Equitable Distribution Law to: "permit a party to commence a baseless matrimonial action for the purpose of cutting off his or her spouse’s right to a share in subsequently obtained property which would otherwise constitute marital property, while at the same time receiving the benefits of the parties’ ongoing marital relationship.” (Marcus v Marcus, supra, at 136.)
As in Marcus (supra), to allow the plaintiff in this case to amend or supplement his complaint with postcommencement allegations would result in an outcome inconsistent with the Equitable Distribution Law. Were this court to allow plaintiff to serve a supplemental complaint and were plaintiff to meet his burden of proof for those additional allegations but not those allegations contained in his earlier complaint, the plaintiff would benefit from his original error. The court would be faced with the possibility of having a date for both the closing of the marital holdings and for the valuation of assets which preceded the acts which constituted the grounds for divorce. This result would be contrary to the Equitable Distribution *991 Law which clearly relies on the commencement date of the action as a trigger for future court determinations.
The court finds that it is unjust to cut off defendant’s right to share in plaintiff’s subsequently obtained property if, in fact, plaintiff does not make out a prima facie case for a divorce under his prior complaint. Accordingly, plaintiff’s motion to serve a supplemental affidavit is granted solely to the extent of permitting the plaintiff to serve an amended complaint with those allegations, if any, which occurred prior to the commencement of the within action.
That branch of plaintiff’s motion which seeks an order directing defendant to produce all of her jewelry for discovery, inspection and appraisal and directing defendant to appear for an examination before trial with documents demanded by plaintiff is granted to the extent of directing that defendant produce said jewelry by January 14, 1994. Defendant shall submit to an examination before trial on January 19, 1994 at 10:00 a.m. at 111 Centre Street, 12th Floor Boardroom. Defendant is directed to appear with the documents listed by plaintiff on the schedule to the notice to take deposition upon oral examination.
The court notes that a new trial date is necessary as discovery is incomplete. Thus, the court directs that all discovery be completed by the close of business on January 28, 1994 and that the plaintiff purchase a note of issue by the close of business on February 7, 1994. Counsel for the parties are to telephone chambers to set a time and date for a pretrial conference after the note of issue has been purchased and prior to the date the trial is to commence, at which time, each counsel will provide the court with proposed dispositions after trial, memoranda of law on key issues to be raised at trial, updated (to the date of the note of issue) and fully executed net worth statements and a list of premarked exhibits.
The trial of all the issues shall commence at 9:30 a.m. on February 24, 1994.