■ KATHERINE A. ROSE, Respondent, v STEVEN M. VELLETRI et al., Respondents, and SHAWMUT BANK OF BOSTON, Appellant. [612 NYS2d 583] —In an action to recover damages for personal injuries, the defendant Shawmut Bank of Boston appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 10, 1992, which ruled that certain correspondence and discovery responses were informal judicial admissions against it.

■ KATHERINE A. ROSE, Respondent, v STEVEN M. VELLETRI et al., Respondents, and SHAWMUT BANK OF BOSTON, Appellant. [612 NYS2d 868] —In an action to recover damages for personal injuries, the defendant Shawmut Bank of Boston appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated May 20, 1992, which, inter alia, denied its motion for leave to serve an amended answer and cross claims.

Ordered that the order is affirmed, with one bill of costs to

the plaintiff-respondent and the defendants-respondents Steven M. Velletri and Andrew Velletri appearing separately and filing separate briefs.

The court's denial of the motion of Shawmut Bank of Boston to amend its answer was not an improvident exercise of discretion. As we recently observed in *F.G.L. Knitting Mills v 1087 Flushing Prop.* (191 AD2d 533, 533-534): "This Court has consistently maintained that ' "while leave to amend a pleading shall be freely granted *(see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942; *Fulford v Baker Perkins,* 100 AD2d 861), and the resulting determination 'will not lightly be set aside' *(Beuschel v Malm,* 114 AD2d 569)" ' *(Citrin v Royal Ins. Co.,* 172 AD2d 795, quoting *Ross v Ross,* 143 AD2d 429). In reviewing the exercise of its discretion, we look to those factors which the Supreme Court must consider in rendering its determination. The court must consider whether there has been a gross delay in asserting the amendment and, where the action has long been certified ready for trial, to rule with circumspection *(see, Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557). Furthermore, '[t]he court will also note how long the amending party was aware of the facts upon which the motion was predicated, and whether it offers a reasonable excuse for its lengthy delay' *(Pellegrino v New York City Tr. Auth., supra,* at 557, citing *Balport Constr. Co. v New York Tel. Co.,* 134 AD2d 309; *see also, Mawardi v New York Prop. Ins. Underwriting Assn.,* 183 AD2d 758)".

In the instant case, the appellant moved to amend its answer a month before trial was scheduled to commence and about two and one-half years after the plaintiff brought the action, and it failed to offer any excuse for this delay. Additionally, the facts on which the appellant based its motion to amend must have been known to it since the inception of the action. To allow the appellant to amend its answer at such a late date would prejudice the plaintiff. She prepared her case in response to the original answer *(see, F.G.L. Knitting Mills v 1087 Flushing Prop., supra,* at 534). Further, the proposed amended answer in effect asserts that the plaintiff sued the wrong party, and the Statute of Limitations expired during the period of the delay. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.