■ JAMES P. ROURKE, as Assignee of ACROGRAPHICS, INC., Appellant, v FRED H. THOMAS ASSOCIATES, P. C., Respondent. [611 NYS2d 57] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered June 8, 1993 in Tompkins County, which denied plaintiff's motion for leave to serve an amended and supplemental complaint.

Acrographics, Inc. commenced this action against defendant alleging two causes of action stemming from photocopying services rendered to defendant from the early 1970s through 1986. The parties had no written agreement for these services. In the first cause of action, Acrographics claims that there is an outstanding balance as of December 31, 1989, including interest, owed to it by defendant in the sum of $41,015.64. The second cause of action alleges that defendant made a payment of $15,000 on the account, that the balance remains unpaid and that, as a result, Acrographics has been damaged in the amount of $20,507.82. The complaint demands judgment in the sum of $41,015.64 on the first cause of action and $20,507.82, plus interest of 2% per month from December 31, 1989, on the second cause of action. On March 16, 1990, plaintiff, who is the sole stockholder of Acrographics, assigned

the causes of action to himself and has thereafter prosecuted this action *pro se.*

After joinder of issue and discovery, the case was set down for trial on July 24, 1991. Defendant then moved by order to show cause to fix the sum due to plaintiff. Plaintiff objected on the ground that defendant failed to show any exigency. Supreme Court granted the motion, but no order was entered. Plaintiff's subsequent motion to vacate Supreme Court's decision was denied. On appeal this Court reversed, holding that, *inter alia,* issues of fact existed as to whether the parties agreed to interest and finance charges (189 AD2d 1015, 1016). Subsequently, plaintiff moved for leave to serve an amended and supplemental complaint, which was denied. This appeal ensued.

The order denying leave to serve an amended and supplemental complaint should be affirmed. While leave to serve an amended pleading should be freely granted in the absence of significant prejudice *(see,* CPLR 3025 [b]; *see also, Tate v Metropolitan Life Ins. Co.,* 186 AD2d 859), such motion "is committed to the broad discretion of the trial court * * * and the resulting determination 'will not lightly be set aside' " *(Ross v Ross,* 143 AD2d 429, quoting *Beuschel v Malm,* 114 AD2d 569; *see also, Citrin v Royal Ins. Co.,* 172 AD2d 795).

Supreme Court properly denied plaintiff's motion which seeks to amend paragraph 7 of his complaint to, in substance, assert that defendant used Acrographics as an "illegitimate source of funds" and that it was impossible for Acrographics "to resist this coercion" because defendant's business was a "material" part of Acrographics' business. The amendment also asserts that Acrographics was unable to pay certain corporate debts and was forced to cease business operations for some time because of defendant's "control" over the business. This "control" also allegedly forced plaintiff to convert long term capital assets to cash, including his home and an IRA. These claims are for extraordinary damages and must be rejected.

Plaintiff has failed to make the requisite evidentiary showing that the new claims set forth in paragraph 7 as amended can be supported, a defect fatal to his motion for leave to amend *(see, Taylor v Dyer,* 190 AD2d 902, 903; *Mathiesen v Mead,* 168 AD2d 736, 737). Moreover, to recover for unusual or extraordinary damages allegedly arising from a breach of contract, it must be demonstrated that such damages were brought within the contemplation of the parties as the proba-

ble result of a breach at the time of or prior to contracting *(Kenford v County of Erie,* 73 NY2d 312, 319). Thus, no abuse of Supreme Court's discretion has been shown in denying plaintiff's motion to amend paragraph 7 of the complaint.

The two additional causes of action which plaintiff seeks to add by the amended complaint do not relate to the underlying action for money owing to plaintiff. Rather, they are belated responses to the order to show cause, a matter not now before this Court. Moreover, the claims do not state causes for which relief can be granted. Plaintiff's fourth cause of action in the amended complaint, alleging that defendant's counsel acted fraudulently in obtaining the order to show cause contrary to the provisions of Judiciary Law § 487, also fails to state a cause of action as said counsel are not parties to this action. We have examined plaintiff's other claims of error and find them without merit.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.