*York,* 60 NY2d 957; *F.G.L. Knitting Mills v 1087 Flushing Prop.,* 191 AD2d 533). Under the circumstances of this case, there is no reason to set aside the trial court's denial of the appellants' motion for leave to serve an amended answer *(see, Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599; *cf., Noanjo Clothing v L & M Kids Fashions,* 207 AD2d 436). Sullivan, J. P., Balletta, Miller and Ritter, JJ., concur.

■ PAWLING SAVINGS BANK, Respondent, v VSA BEDELL ROAD ASSOCIATES et al., Defendants, and HAROLD WEBER et al., Appellants. [624 NYS2d 922] —In an action to foreclose a mortgage, the defendants Harold Weber and Robert Nilsson appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 15, 1993, as denied their motion for leave to serve an amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

A motion to amend a pleading is committed to the sound discretion of the trial court, whose determination will not lightly be set aside *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *F.G.L. Knitting Mills v 1087 Flushing Prop.,* 191 AD2d 533). Under the circumstances of this case, there is no reason to set aside the trial court's denial of the appellants' motion for leave to serve an amended answer *(see, Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599; *cf., Noanjo Clothing v L & M Kids Fashions,* 207 AD2d 436). Sullivan, J. P., Balletta, Miller and Ritter, JJ., concur.

■ PAWLING SAVINGS BANK, Respondent, v VSA BEDELL ROAD ASSOCIATES et al., Defendants, and HAROLD WEBER et al., Appellants. [624 NYS2d 923] —In an action to foreclose a mortgage, the defendants Harold Weber and Robert Nilsson appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 15, 1993, as denied their motion for leave to serve an amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

A motion to amend a pleading is committed to the sound discretion of the trial court, whose determination will not lightly be set aside *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *F.G.L. Knitting Mills v 1087 Flushing*

*Prop.,* 191 AD2d 533). Under the circumstances of this case, there is no reason to set aside the trial court's denial of the appellants' motion for leave to serve an amended answer *(see, Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599; *cf., Noanjo Clothing v L & M Kids Fashions,* 207 AD2d 436). Sullivan, J. P., Balletta, Miller and Ritter, JJ., concur.

■ Mary Quinn et al., Appellants, v Vincent R. DeAngelis et al., Defendants, and Hasan Rizvi, Respondent. [624 NYS2d 918] —In an action to recover damages, *inter alia,* for negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated August 20, 1993, which granted the motion of the defendant Hasan Rizvi for summary judgment dismissing the complaint insofar as it is asserted against him, and imposed sanctions against counsel for the plaintiffs in the amount of $5,000.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the motion of the defendant Hasan Rizvi which was to impose sanctions on the plaintiffs' counsel and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the respondent.

The plaintiff Mary Quinn alleges that she sustained severe emotional distress when she was misdiagnosed as having terminal cancer. We agree with the Supreme Court's conclusion that the plaintiffs failed to raise a triable issue of fact as to whether the defendant Hasan Rizvi, an oncologist, breached a duty owed to Mrs. Quinn when he was called in for consultation after the erroneous diagnosis of cancer had been made and allegedly communicated this diagnosis to Mrs. Quinn *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We find, however, that sanctions were not warranted *(see,* CPLR 8303-a). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.

■ Rallye Leasing, Inc., Respondent, v L.I. Seafood & Dumpling House et al., Defendants, and Cecilia Chang, Appellant. [624 NYS2d 57] —In an action to recover damages for breach of an automobile leasing agreement, the defendant Cecilia Chang appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 31, 1993, as granted the plaintiff's cross motion for summary judgment on the fifth