■ TARIQ MOHAMMED, an Infant, by MOHAMMED AHMAD, His Parent and Natural Guardian, et al., Respondents, v CITY OF NEW YORK et al., Defendants, JOSE MARTINEZ, Appellant, and ORLANDO SANTANA, Respondent. [661 NYS2d 249] —In an action to recover damages for personal injuries, etc., the defendant Jose Martinez appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated December 16, 1996, which denied his motion for leave to amend his answer.

Ordered that the order is affirmed, with one bill of costs payable by the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying the motion of Jose Martinez to amend his answer to change an admission to a denial of the allegation that he had given the defendant Orlando Santana permission to drive his car. This Court has consistently maintained that "while leave to amend a pleading shall be freely granted (*see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942; *Fulford v Baker Perkins,* 100 AD2d 861), and the resulting determination 'will not lightly be set aside' (*Beuschel v Malm,* 114 AD2d 569)" (*Ross v Ross,* 143 AD2d 429; *see, Citrin v Royal Ins. Co.,* 172 AD2d 795). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see, Branch v Abraham & Strauss Dept. Store,* 220 AD2d 474, 475; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557).

In the instant case, Jose Martinez moved to amend his answer almost eight years after his initial answer had been interposed, and he failed to offer a reasonable excuse for this

inordinate delay. Additionally, the facts upon which Martinez based his motion to amend must have been known to him since the inception of the action. To allow Martinez to amend his answer at such a late date would prejudice the other parties. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.