■ PATRICIA CASTAGNE, Appellant, v GAIL BAROUH et al., Respondents. [671 NYS2d 283] —In an action, *inter alia*, to recover damages for sexual harassment and retaliatory discharge, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered March 26, 1997, as denied her motion to amend the complaint to add a cause of action to recover damages for wrongful termination pursuant to Executive Law § 296 (1) (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff leave to amend her complaint so as to add a claim to recover damages for wrongful termination based on discrimination because of an alleged disability (*see*, Executive Law § 296 [1] [a]). Leave to amend a pleading should be freely given unless the amendment sought is palpably improper or insufficient as a matter of law, or unless the delay in seeking the amendment directly results in prejudice or surprise to the opposing party (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757; *Fahey v County of Ontario*, 44 NY2d 934, 935; *Bovino v Village of Wappingers Falls*, 215 AD2d 619, 620; *see also*, CPLR 3025 [b]). The decision to allow or disallow an amendment is committed to the court's sound discretion (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959), and the exercise of such discretion should not be lightly disturbed (*see, Sherman v Claire Mfg. Co.*, 239 AD2d 487; *Beuschel v Malm*, 114 AD2d 569).

The plaintiff, who has been aware of the facts underlying this alleged claim since the inception of the action, failed to of-

fer any reason or excuse for the delay in seeking to amend her complaint (*see, Mathiesen v Mead*, 168 AD2d 736, 737; *Alexander v Seligman*, 131 AD2d 528). In addition, the defendants, who have prepared their case in response to the original complaint, had no notice of the new claim and would suffer prejudice by its late addition (*see, Felix v Lettre*, 204 AD2d 679; *cf., Rose v Velletri*, 202 AD2d 566, 567; *F.G.L. Knitting Mills v 1087 Flushing Prop.*, 191 AD2d 533, 534). Accordingly, the court did not err in refusing to permit the requested amendment. O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.