OPINION OF THE COURT
Anthony J. Falanga, J.
This is a motion by the wife for an order pursuant to CPLR 3025 (b) for leave to serve an amended complaint setting forth allegations of cruel and inhuman treatment that occurred after the commencement of the above-captioned action.
The wife commenced the above-captioned action for divorce on or about March 13, 2008. Her verified complaint, sworn to on November 24, 2008, sets forth causes of action for divorce on the grounds of cruel and inhuman treatment and constructive abandonment. The court notes that said verified complaint sets forth allegations of cruel and inhuman treatment that occurred subsequent to March 13, 2008 but prior to November 24, 2008, and the husband has not objected to any of the allegations set forth in the original verified complaint. On or about December 2, 2008, the husband interposed a verified answer denying the allegations of the complaint.
The law is well settled that leave to amend a pleading should be liberally granted absent prejudice to the opposing party (see Lechtrecker v Lechtrecker, 176 AD2d 284 [1991]; Vickers v Vickers, 131 AD2d 565 [1987])- In the case at bar, the husband alleges that he will be prejudiced if the wife is granted leave to serve the proposed amended pleading, but he fails to clearly articulate the nature of the claimed prejudice. The wife contends that no prejudice will inure to the husband if she is permitted to add postcommencement allegations of cruel and inhuman treatment. In determining this issue, it is critical to consider the provisions of Domestic Relations Law § 236 (B) (1) (c) dealing with the time period during which marital assets may be acquired and Domestic Relations Law § 236 (B) (4) (b) pertaining to valuation dates of marital assets.
Pursuant to Domestic Relations Law § 236 (B) (1) (c), marital assets are defined as those assets acquired as of the date of the marriage and prior to the commencement of an action for divorce. Pursuant to Domestic Relations Law § 236 (B) (4) (b), the court is required to value marital assets anytime from the date of the commencement of the action to the date of trial. In *483 Mesholam v Mesholam (11 NY3d 24 [2008]), reversing a long line of precedent in the Appellate Division, Second Department, the Court of Appeals held that the phrase “commencement of the action” in both the aforesaid statutes referred to the commencement of the divorce action before the court, not the commencement of a prior divorce action that did not culminate in a judgment terminating the parties’ marriage.
Prior to Mesholam v Mesholam (supra), a trial court in the Second Department was authorized to characterize assets as marital only if same had been acquired prior to the commencement of the first filed action for divorce, absent a reconciliation of the parties between a first action and a pending second action (see Thomas v Thomas, 221 AD2d 621 [1995]; Domestic Relations Law § 236 [B] [1] [c]), or other extraordinary circumstances (see Tuccillo v Tuccillo, 2003 NY Slip Op 51151[U] [2003], affd 8 AD3d 660 [2004]). In addition, such court had the discretion to value a marital asset anytime between the commencement of the prior unsuccessful divorce action and the trial of the action presently before the court (see Tuccillo v Tuccillo, supra). In such cases, as a general rule, active assets, such as a pension, were valued as of the date of commencement of the first action (see McSparron v McSparron, 87 NY2d 275 [1995]; Tuccillo v Tuccillo, supra). If a plaintiffs prior complaint for divorce had been dismissed, and said plaintiff thereafter successfully prosecuted a subsequent action for divorce on grounds that arose after the commencement of the prior action, assets acquired after the commencement of the first action were not considered marital assets subject to equitable distribution, and active assets such as a pension were valued as of the date of commencement of the prior action. Under such a rule of law, a nontitled spouse would not be prejudiced by the service of an amended complaint setting forth allegations of post commencement cruel and inhuman treatment, as assets would be identified and active assets would be valued as of the date of commencement of the first action, whether leave to replead was granted or whether leave was denied and a plaintiff was compelled to commence another action for divorce asserting the postcommencement grounds.
However, now that Mesholam v Mesholam (supra) provides controlling precedent in the Second Department, the grant of leave to replead postcommencement incidents of cruel and inhuman treatment may prejudice the rights of a defendant in that assets will no longer be classified and valued as of the date of *484 the first filed, unsuccessful action for divorce. In Hallingby v Hallingby (159 Misc 2d 988 [1993]) (a First Department case wherein precedent required that marital assets be classified, and active assets be valued, as of the date of the action then pending before the trial court — the rule of law adopted by the Court of Appeals in Mesholam u Mesholam [supra]). Justice Silbermann explained that since the date of the commencement of an action for divorce “cuts off’ a defendant’s rights with regard to certain assets comprising the marital estate, it would be improper, if the plaintiff did not have grounds for divorce on the commencement date of the pending action, to permit plaintiff to replead misconduct by the defendant that occurred after that date.
However Justice Silbermann’s decision in Hallingby v Hallingby (supra) can be distinguished from the case at bar in that in the Hallingby case, the plaintiff seeking leave to re-plead was the spouse holding title to a pension that would be valued as of the commencement date of the action, while in the case at bar, the pension owner is the defendant husband. In fact, in the case at bar, assuming arguendo that the allegations in the proposed amended complaint can be proven at trial, it is in the husband’s best interest for this court to grant the wife’s within application, allow her to serve the proposed amended complaint, and cut off her interest in his pension as of March 13, 2008, the date of commencement of the instant action. In the event leave to replead is denied and the wife’s original verified complaint for divorce is dismissed after trial, the wife could commence a new action for divorce upon allegations of cruel and inhuman treatment that occurred subsequent to the commencement of the within action. Should the wife be successful in proving grounds in the subsequent action, she would be able to seek additional rights with regard to the husband’s pension.
The husband herein has not identified any asset in issue acquired by the wife after the commencement of this action that would be excluded from the marital estate if the marital estate is classified as of March 13, 2008. He has not identified any active asset titled to the plaintiff wife which increased in value during the pendency of this action for which he might obtain a greater distributive award in a subsequent action for divorce. He has not identified any active asset he owns which decreased in value during the pendency of this action for *485 which the wife might be awarded a smaller distributive award in a subsequent action for divorce. Absent such a showing, the husband has not demonstrated that he will suffer any prejudice as a result of the service upon him of the proposed amended complaint.
Accordingly, the motion is granted.