opinion of the court
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
CPLR 3211 (subd [e]) provides, inter alia, that a defense based upon the doctrine of collateral estoppel is waived unless raised either in a responsive pleading or in a motion made before service of the responsive pleading is required.
Defendants raised the defense of collateral estoppel for the first time during the trial. Consequently, defendants waived this defense unless they could obtain leave to amend their answer to include the affirmative defense.
The decision to grant or deny leave to amend an answer is within the trial court’s discretion (Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 150, pp 595-596; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14). Since one of the purposes upon which the doctrine of collateral estoppel is premised is to conserve the resources of the courts and litigants (Gilberg v Barbieri, 53 NY2d 285, 291) and since defendants failed to move to amend their answer until plaintiff had presented nearly all his evidence, we cannot say, as a matter of law, that the trial court, in denying the motion, abused its discretion.
In view of defendants’ waiver of the defense of collateral estoppel, we need not pass on the question of the propriety of raising that defense under the circumstances present here.
We have also considered the evidentiary issues raised by defendants and find no basis for reversal.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.