■ JOHN F. TRIGGS, Doing Business as WOODCHUCK HOLLOW FARMS, Appellant, v JERRY KAHN, Defendant, and JANET C. GREY et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered December 8, 1989 in Delaware County, which, *inter alia,* granted the motion of defendants Janet C. Grey and Franklin Grey for summary judgment on their counterclaim for possession of their property and for leave to amend their answer to include an additional counterclaim.

Defendants Janet C. Grey and Franklin Grey (hereinafter collectively referred to as defendants) owned certain land in Delaware County, including a parcel known as the "riverbottom" land which was orally leased to Harold Kelly for $4,000 a year. In 1986 Kelly advised defendants that his farming operation was being sold to plaintiff. Franklin Grey indicated he would be willing to continue to lease the riverbottom land to plaintiff. Defendants thereafter did so; plaintiff claims the lease was for a 10-year term while Franklin Grey asserted that he orally agreed to only a year-to-year lease. In the spring of 1986 plaintiff planted an alfalfa-timothy crop on the land.

In December 1987 defendants entered into an agreement with certain individuals, including defendant Jerry Kahn, to sell approximately 300 acres of property owned by them including the "riverbottom land". Prior to the closing of the

sale of defendants' property to Kahn,* plaintiff commenced an action in April 1988 for specific performance of the lease for the riverbottom land. Defendants filed an answer generally denying the allegations of the complaint, asserting the Statute of Frauds as an affirmative defense and counterclaiming, among other things, for possession of the riverbottom land. Plaintiff continued to lime the property and to harvest crops therefrom despite the placement of "no trespassing" signs by defendants on the land. In February 1989, defendants moved for summary judgment dismissing plaintiff's complaint on the ground that the claim was barred by the Statute of Frauds. The motion was granted and plaintiff appealed to this court. Upon plaintiff's default the appeal was dismissed by order of this court entered August 16, 1989. The instant appeal is from Supreme Court's subsequent order (1) granting defendants' motion (brought on in September 1989 by order to show cause) for summary judgment on their counterclaim for possession of the disputed riverbottom land, (2) granting defendants leave to amend their answer to assert an additional counterclaim for money damages resulting from plaintiff's removal of the hay crop from their riverbottom land in 1988 and 1989, and (3) denying plaintiff's cross motion to amend his complaint.

The order of Supreme Court entered December 8, 1989 should be affirmed. We find no merit in plaintiff's contention that Supreme Court improperly denied his motion to amend his complaint. Plaintiff appealed from the order dismissing the original complaint and that appeal was dismissed by this court upon plaintiff's default. The complaint is therefore no longer viable and cannot be amended.

Plaintiff's argument, that the alfalfa crop he planted while a tenant on the riverbottom land is personal property and consequently he is entitled to remove the alfalfa crop despite the end of his lease term, lacks merit. Although one who holds land for a period of time which is of uncertain duration may remove from the land, after termination of his tenancy, the crops or emblements which were planted before such termination (see, 3 NY Jur 2d, Agriculture and Crops, § 3, at 232), this principle is not applicable here.

Plaintiff's affidavit clearly demonstrates that the subject alfalfa-timothy crop, with a stated life span of at least five years, is not an annual crop. Having perennial roots, it is properly classified as fructus naturales. Fructus naturales,

---

* Kahn did not file a notice of appeal from the order currently being reviewed.

grasses growing from perennial roots, are regarded as realty while they are unsevered from the soil (see, 3 NY Jur 2d, Agriculture and Crops, § 2, at 231) and their ownership follows the ownership of the land (see, 3 NY Jur 2d, Agriculture and Crops, § 4, at 233). Thus, since the alfalfa-timothy crops are realty, it is unnecessary to discuss the issues regarding the duration of plaintiff's tenancy and claimed estoppel.

However, we note that as the duration of the tenancy is for a certain period, the doctrine of emblements is not applicable (see, Reeder v Sayre, 70 NY 180, 185). Plaintiff's lease was year-to-year and terminated no later than the spring of 1988. Thereafter he was not entitled to harvest the crops. Although Supreme Court reached this conclusion, its reasoning was based on the erroneous finding that plaintiff was a trespasser and, after defendants retained possession of their property by posting "no trespassing signs", plaintiff was no longer entitled to harvest the crops. The rule applied by Supreme Court is applicable when the crops are planted by a trespasser and not by one in lawful possession, as was plaintiff (see, Smith v Dairymen's League Coop. Assn., 186 Misc 82, 86, affd 270 App Div 1071).

We also note that plaintiff's contention, that because defendants lived in such close proximity to the crops that they should be estopped from claiming plaintiff has no right to harvest the crops, has no factual support in the record. The proof indicates that defendants have not resided near the disputed area since 1987.

Finally, plaintiff's argument that Supreme Court improperly granted defendants' motion for leave to amend their answer to assert an additional counterclaim for monetary damages must be rejected. Pursuant to CPLR 3025 (b), absent prejudice or surprise, leave to amend pleadings shall be freely granted "upon such terms as may be just" (see, Fahey v County of Ontario, 44 NY2d 934, 935). No prejudice or surprise has been demonstrated. Supreme Court did not abuse its discretion by allowing leave to amend defendants' answer (see, Mayers v D'Agostino, 58 NY2d 696, 698).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.