■ Philip M. Kovitz, Appellant, v Harry Tesmetges et al.,

Respondents.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered July 23, 1991, which, *inter alia,* granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), and directed the release of escrow funds to them, unanimously affirmed, without costs.

The individual defendants, husband ("Harry") and wife ("Terry"), were the principals of the corporate defendant to which plaintiff made a $10,000 loan secured by a second mortgage. When the corporate defendant defaulted in payment on the first mortgage, the foreclosure wiped out plaintiff's junior lien as well. Thereafter, Harry filed for bankruptcy; plaintiff appeared in the proceedings and vigorously opposed Harry's discharge, seeking to pierce the corporate veil and to enforce Harry's personal liability to him on the ground of alleged fraud. This effort failed before the Bankruptcy Court, the United States District Court, and the Second Circuit Court of Appeals, and Harry was ultimately exonerated of any obligation to plaintiff.

Plaintiff seeks in this action to relitigate against Terry the same issues determined adversely to him in the prolonged bankruptcy proceedings. Since Terry was and is in complete privity with Harry, and since plaintiff had a full opportunity to litigate those issues, his identical claims in this action are barred by collateral estoppel, and the IAS Court properly dismissed the complaint *(see, Firedoor Corp. v Merlin Indus.,* 86 AD2d 577; *cf., Green v Sante Fe Indus.,* 70 NY2d 244).

We have reviewed the plaintiff's remaining *pro se* claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.