OPINION OF THE COURT
Per Curiam.
Order, entered August 1, 2007, modified to vacate the award of interim use and occupancy; as modified, order affirmed, without costs.
Plaintiffs, owners of a residential apartment building located on West 10th Street, in Manhattan, commenced this plenary action in February 2004, alleging that defendant, a rent regulated tenant who continues to reside in the building, owes rent arrears dating back to September 1999. Depositions, scheduled to be completed by August 2006, were *3 never held, and prosecution of the matter has languished. It appears that the delay was attributable, at least in part, to motion practice engendered by plaintiffs’ claimed entitlement to “interim” use and occupancy, and their efforts to obtain discovery relating to defendant’s psychiatric status, a matter placed in issue by defendant’s counterclaims seeking damages for “emotional distress.”
Whatever the source of the delay, we find no basis for an award of use and occupancy pending resolution of this garden-variety breach of contract action. It bears emphasis that this matter does not implicate the eviction remedies authorized in a special proceeding under article 7 of the RPAPL — a statutory framework containing express rent and use and occupancy deposit provisions (see RPAPL 745 [2])— or the equitable powers of Supreme Court to fashion appropriate interim relief in ongoing landlord/tenant disputes involving possessory issues (see e.g. Englert v Mahoney, 258 AD2d 859 [1999], lv dismissed 93 NY2d 999 [1999] [upholding interim use and occupancy award to landlord in rent dispute litigated in breach of contract and ejectment actions]; accord Andejo Corp. v South St. Seaport Ltd. Partnership, 35 AD3d 174 [2006]; see generally MMB Assoc. v Dayan, 169 AD2d 422 [1991]). Plaintiffs may not properly rely on either the statutory scheme or the line of case authorities referenced above, having elected to pursue their rent claims, sans any possessory remedy, by way of a pure breach of contract action. In this posture, plaintiffs may not be heard to complain of any perceived unfairness in having to await the final outcome of the litigation before receiving the rental amounts prayed for herein. Conceptually, this matter is hardly distinguishable from any other species of breach of contract case — be it one arising from services rendered or the sale of widgets — where the type of interim relief here sought is generally unavailable.
With respect to disclosure, Civil Court properly directed defendant to provide authorizations permitting discovery of those medical records relating to her psychological status (see Syron v Paolelli, 238 AD2d 710 [1997]; see also TOA Constr. Co. v Tsitsires, 4 AD3d 141 [2004]; Estate of Vitale v Eventquest, Inc., 38 AD3d 330 [2007]). In this regard, we note defendant’s apparent willingness to withdraw her seventh counterclaim in its entirety and that portion of her fifth counterclaim seeking damages for “emotional distress.” *4 In the event defendant formally so stipulates, plaintiffs’ motion for discovery relating to those counterclaims would be rendered moot.
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.