Suter v Ross (2020 NY Slip Op 00634)





Suter v Ross


2020 NY Slip Op 00634


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10667
 (Index No. 515977/17)

[*1]Marion P. Suter, et al., appellants,
v
Brandon K. Ross, respondent, et al., defendant.


Lester Bleckner & Shaw, New York, NY (Martin Shaw and John M. Denby of counsel), for appellants.
Bierman & Associates, New York, NY (Mark H. Bierman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to declare the plaintiffs' ownership interest in the shares of a certain cooperative apartment and for partition and sale of that property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 19, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Brandon K. Ross which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1987, the plaintiff Marion P. Suter, the defendant Brandon K. Ross, and nonparty Lisa Martizia together purchased the shares of a cooperative apartment from the defendant Nancy Lincoln Owners Corp., formerly known as 400 Lincoln Owners Corp. (hereinafter Lincoln Corp.). In 2013, Suter commenced an action against Ross and Lincoln Corp. seeking, inter alia, a declaration of her ownership interest in the apartment, a judgment of ejectment, partition and judicial sale, and money damages. In that action, Suter claimed to possess a two-thirds ownership interest in the apartment, alleging that Martizia had died in 1998 and that her purported sole heir had thereby acquired Martizia's interest in the apartment and had conveyed that interest to Suter in 2012. Suter submitted documents purporting to evidence that the conveyance occurred on January 19, 2012. In 2014, upon a motion to dismiss that action, in which Ross challenged the validity of the alleged conveyance of Martizia's interest to Suter, the Supreme Court directed dismissal of the action without prejudice for Suter's failure to join the estate of Martizia as a necessary party. Suter did not seek judicial review of that order.
Subsequently, in 2017, Suter and her husband, the plaintiff Randolph A. Hudson III, commenced this action against Ross and Lincoln Corp., again seeking a declaration of ownership interests in the apartment and the partition and sale thereof. In support, Suter and Hudson claimed that Martizia's alleged sole heir reconveyed Martizia's interest in the apartment to Suter in 2015, and that Suter had thereafter conveyed that interest to Hudson. Suter and Hudson submitted new documents purporting to evidence that the conveyance of Martizia's interest to Suter took place on [*2]January 30, 2015.
Ross moved, inter alia, to dismiss the complaint insofar as asserted against him on the ground that it was barred by the doctrine of collateral estoppel because the estate again had not been joined as a necessary party despite the Supreme Court's previous order of dismissal and the existence of substantial questions regarding the bona fides of the alleged conveyance of Martizia's interest to Suter. In an order dated June 19, 2018, the court granted that branch of the motion.
The doctrine of collateral estoppel is an equitable doctrine "grounded in the facts and realities of a particular litigation, rather than rigid rules" (Buechel v Bain, 97 NY2d 295, 303). Its purpose is to "preclude[ ] a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (id. at 303; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). For collateral estoppel to apply "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (Buechel v Bain, 97 NY2d at 303-304). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456).
Here, collateral estoppel applies to Suter, the plaintiff in the previous action, because she had a full and fair opportunity to contest the motion that resulted in the 2014 order directing dismissal of the previous action for failure to join the estate of Martizia as a necessary party for a determination of the ownership interests in the subject apartment, which is the identical issue involved in the present action. Likewise, collateral estoppel applies to Hudson, as Suter's husband, because he is in privity with Suter based upon his receipt of an alleged interest from her and his longstanding familiarity with the history of the dispute over the ownership of the apartment (see Buechel v Bain, 97 NY2d at 304-305; Shifer v Shifer, 165 AD3d 721, 723; Kovitz v Tesmetges, 186 AD2d 32, 33). Accordingly, given the failure of Suter and Hudson to join the estate of Martizia as a necessary party in this action, we agree with the Supreme Court's determination granting Ross's motion on the ground of collateral estoppel.
In view of the foregoing, we do not reach the parties' remaining contentions regarding the determination granting Ross's motion.
We decline the request by Ross to impose sanctions against the plaintiffs for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court