Coleman v J.P. Morgan Chase Bank N.A. (2021 NY Slip Op 00412)





Coleman v J.P. Morgan Chase Bank N.A.


2021 NY Slip Op 00412


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-01989
 (Index No. 2727/18)

[*1]Dawson Huber Coleman, Jr., appellant, et al., plaintiff, 
v
J.P. Morgan Chase Bank N.A., respondent, et al., defendants.


Dawson Huber Coleman, Jr., Brooklyn, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action, in effect, pursuant to RPAPL article 15 to quiet title to certain real property and to expunge a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 24, 2019. The order denied the plaintiff's motion for summary judgment on the complaint, and, in effect, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, in effect, pursuant to RPAPL article 15 to quiet title to certain real property and to expunge a mortgage. In the complaint, the plaintiff alleged that he had an interest in the subject property, and that he was entitled to certain relief as a result of this interest. The plaintiff subsequently moved for summary judgment on the complaint. In the order appealed from, the Supreme Court determined that the issues raised in the complaint had "already been adjudicated" in a prior foreclosure action involving the subject property. Accordingly, the court denied the plaintiff's motion for summary judgment on the complaint, and, in effect, upon searching the record, awarded summary judgment to the defendant dismissing the complaint. The plaintiff appeals. We affirm.
"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action an issue that was raised in a prior action and decided against that party or those in privity" (Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839; see Buechel v Bain, 97 NY2d 295; Ryan v New York Tel. Co., 62 NY2d 494, 500; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 676). "Two requirements must be met before collateral estoppel can be invoked" (Buechel v Bain, 97 NY2d at 303). "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (id. at 303-304; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Ryan v New York Tel. Co., 62 NY2d at 500-501; Lamberti v Plaza Equities, LLC, 161 AD3d at 839).
Here, the complaint alleges that the plaintiff is entitled to certain relief based upon his alleged interest in the subject property. However, as the Supreme Court concluded, the plaintiff's assertion that he had an interest in the subject property was necessarily determined in a prior foreclosure action involving that same property (see Lamberti v Plaza Equities, LLC, 161 AD3d at [*2]839; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d at 676). Although the plaintiff was not a party to the prior foreclosure action, collateral estoppel applies to him because his "interests [were] represented" by his wife, who was a defendant in the prior foreclosure action and who moved to dismiss that action on the ground that the plaintiff was a necessary party due to his alleged interest in the subject property (Buechel v Bain, 97 NY2d at 304; see RPAPL 1311; Suter v Ross, 179 AD3d 1127, 1129; see generally David v Biondo, 92 NY2d 318, 323-324; Borst v International Paper Co., 121 AD3d 1343, 1347-1348; cf. Pouncy v Dudley, 27 AD3d 633, 634-635). On appeal in the prior foreclosure action, this Court specifically determined that the plaintiff was "not a necessary party to [that] action" (J.P. Morgan Chase Bank, N.A. v Coleman, 119 AD3d 841, 842; cf. 74 Eldert, LLC v Sharp, 138 AD3d 819, 820). Under the circumstances, the court properly denied the plaintiff's motion for summary judgment on the complaint, and, in effect, upon searching the record, properly awarded summary judgment to the defendant dismissing the complaint as barred by the doctrine of collateral estoppel. Accordingly, we affirm the order appealed from.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court