## Matter of Peters v Caton Towers Owners Corp.

2024 NY Slip Op 33307(U)

September 18, 2024

Supreme Court, Kings County

Docket Number: Index No. 511662/2023

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
-------------------------------------------------------------------X
In the Matter of the Application of,

JACQUELINE PETERS,

                            Petitioner,

For Judgment Pursuant to Article 78 of the Civil
Practice Law and Rules,

                    -against-

CATON TOWERS OWNERS CORP.,

                           Respondent
-------------------------------------------------------------------X

Index No.: 511662/2023

Mot. Seq. No.: 1, 2 & 3

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 1-47, 59-62, were read on the petition and motions:

In Motion Sequence No. 1 (the petition), the petitioner seeks (1) a declaration that the sixth Notice of Termination that the respondent served on her is stale and ineffective; (2) judgment vacating, annulling, setting aside, and declaring void and unenforceable the respondent's second Notice of Sale dated March 10, 2023; (3) a declaration that respondent's Notice of Sale dated March 10, 2023, scheduling a auction sale of her shares in the respondent cooperative corporation for April 25, 2023 is not commercially reasonable and violates the UCC; (4) a preliminary and permanent injunction enjoining the respondent from selling the petitioner's shares in the respondent corporation  pursuant to the sixth Notice of Termination Notice;  (5) and all costs and legal fees incurred in this proceeding.

In Motion Sequence No. 2, the respondent seeks an Order, pursuant to CPLR § 7804 (f) and CPLR § 3211(a)(1), (1) dismissing the petition, and (2) granting the respondent reasonable counsel fees in responding to the petition.

In Motion Sequence No. 3, the respondent seeks an Order, pursuant to RPL § 220, directing the petitioner to pay unpaid maintenance, assessments, and other charges appurtenant to Apartment 2R to the Co-op, that have accrued since January 3, 2022, in the amount of

1

[* 1]

$23,376.48, plus interest and to pay monthly use and occupancy in the amount of $1,012.40 pendente lite until final resolution of this proceeding.

The petition and two motions are consolidated for disposition.

The petitioner is the proprietary lease holder for Apt. 2R of a cooperative apartment building owned by the respondent, Caton Towers Owners Corp., located at 135 Ocean Parkway, Brooklyn, New York. The petitioner owns 351 shares of stock in the cooperative that are associated with her proprietary lease. In a prior CPLR article 78 proceeding, entitled *Peters v. Caton Towers Owners Corp* (Kings County Index No 526106/2021), this Court determined that the respondent had properly terminated the petitioner's proprietary lease on the grounds of "objectionable conduct." The Court also determined that the last Notice of Termination that respondent served on the petitioner effectively terminated her tenancy (*see* the Decision and Order dated January 11, 2023 issued in *Peters v. Caton Towers Owners Corp* (Index No 526106/2021 – NYSCEF # 158). In this proceeding, the petitioner again claims that the Notice of Termination was effective and unenforceable.

**A.     Motion Sequence No 1**:

**A.  The Notice of Termination**:

That branch of the petition in which the petitioner seeks a declaration that the sixth Notice of Termination Notice that the respondent served on her is stale and ineffective is DENIED. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (*Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487; *see Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455, 492 N.Y.S.2d 584, 482 N.E.2d 63; *Coleman v. J.P. Morgan Chase Bank N.A.,* 190 A.D.3d 931, 931–932, 136 N.Y.S.3d 911). One of the purposes of the doctrine is to conserve the resources of the courts and litigants (*see Mayers v. D'Agostino,* 58 N.Y.2d 696, 698, 458 N.Y.S.2d 904, 444 N.E.2d 1323; *Gilberg v. Barbieri,* 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 423 N.E.2d 807). The collateral estoppel doctrine gives conclusive effect to prior determinations when two conditions are met. There must be "an identity of issue which has necessarily been decided in the prior action and is

2

[* 2]

decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Buechel v. Bain,* 97 N.Y.2d 295, 303–304, 740 N.Y.S.2d 252, 766 N.E.2d 914; *see Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349, 690 N.Y.S.2d 478, 712 N.E.2d 647; *Ryan v. New York Tel. Co.,* 62 N.Y.2d at 500–501, 478 N.Y.S.2d 823, 467 N.E.2d 487; *Lamberti v. Plaza Equities, LLC,* 161 A.D.3d 837, 839, 77 N.Y.S.3d 420).

Here, Court necessarily decided the issue of whether the last Notice of Termination was effective in *Peters v. Caton Towers Owners Corp* (Index No 526106/2021 – NYSCEF # 158). The issue was determined in respondent's favor after the petitioner was provided with a full and fair opportunity to litigate the issue. Petitioner is therefore barred from relitigating the issue in this proceeding.

For the same reasons, that branch of the petition in which seeks a permanent injunction enjoining the respondent from selling the apartment pursuant to the sixth Notice of Termination Notice is DENIED.

### B. The Notice of Sale:

That branch of the petition in which petitioner seeks a judgment vacating and declaring void and unenforceable the Notice of Sale dated March 10, 2023 is decided as follows:

After terminating petitioner's proprietary lease for objectional conduct pursuant to paragraph 31(f) of the Proprietary Lease, the respondent served the petitioner with a Notice of Sale dated March 10, 2023.  The Notice of Sale scheduled a non-judicial auction of petitioner's shares in the respondent cooperative corporation for April 25, 2023, at 10:30 a.m., on the front steps of the Kings County Courthouse.

Paragraph 32(c) of the proprietary lease entitled "Sale of Shares", sets forth the available means and methods by which the respondent may effectuate the termination of petitioner's interest in the proprietary lease, including the cancellation and sale of such shareholder's shares. Paragraph 32(c), provides in part:

> Upon the termination of this lease under the provisions of
> subdivisions (a) to (f) inclusive or (j) of Paragraph 31, the Lessee
> shall surrender to the corporation the certificate for the shares of

3

[* 3]

the corporation owned by the Lessee to which this lease is appurtenant. **Whether or not said certificate is surrendered**, the Lessor may issue a new proprietary lease for the apartment and issue a new certificate for the shares of the Lessor owned by the Lessee and allocated to the apartment when a purchase therefor is obtained, provided that the issuance of such shares and such lease to such purchaser is authorized by a resolution of the Directors, or by a writing signed by a majority of the Directors or by lessees owning, of record, at least a majority of the shares of the Lessor accompanying proprietary leases then in force. Upon such issuance the certificate owned or held by the Lessee shall be automatically cancelled and rendered null and void. The lessor shall apply the proceeds received for the issuance of such shares first, towards the payment of Lessee's indebtedness hereunder (including interest, attorneys' fees and other expenses incurred by the Lessor); second, if said termination shall result pursuant to subdivision (j) of Paragraph 31 by reason of a default under the Security Agreement, towards the payment of lessee's indebtedness under the Security Agreement (including all costs, expenses and charges payable by Lessee thereunder); and, third, if the proceeds are sufficient to pay the same, the Lessor shall pay over any surplus to the Lessee, but, if insufficient, the lessee shall remain liable for the balance of the indebtedness due hereunder or (if applicable) under said Security Agreement. Upon the issuance of any such new proprietary lease and certificate, the Lessee's liability hereunder shall cease, and the Lessee shall only be liable for rent and expenses accrued to that time. **The Lessor shall not, however, be obligated to sell such shares and appurtenant lease or otherwise make any attempt to mitigate damages**.

This paragraph clearly authorizes the respondent to sell petitioner's shares given that her proprietary lease was terminated pursuant to paragraph 31(f), regardless of whether petitioner surrendered the shares to the corporation. The Court is not persuaded that a non-judicial sale, conducted as specified in the Notice of Sale, would not be commercially reasonable (*Chase v. Wells Fargo Bank, N.A.*, 135 A.D.3d 751, 754, 24 N.Y.S.3d 673, 676). Moreover, the Court is unaware of any statutory or common law authority, or of any provision in the proprietary lease, which prohibits the sale of petitioner's shares at non-judicial auction. Certainly, petitioner cites to none. Indeed, in *Chase, supra*, the Court stated:

4

[* 4]

> In addition, there is no statutory basis to compel Wells Fargo to institute a judicial action to foreclose upon Chase's shares and proprietary lease so as to afford her an opportunity to participate in a settlement conference pursuant to CPLR 3408. "Shares of stock issued in connection with cooperative apartments are personal property, not real property" (*Lombard v. Station Sq. Inn Apts. Corp.,* 94 A.D.3d 717, 718, 942 N.Y.S.2d 116).

(*Chase,* 135 A.D.3d at 753–54, 24 N.Y.S.3d at 676).)

Petitioner's contention that "no other New York Court has even attempted [to] sanction a non-judicial foreclosure . . . under a . . . non-monetary default", such as where a lessee's proprietary lease is terminated for objectionable conduct, is simply not true. Indeed, in *40 W. 67th St. Corp. v. Pullman*, 100 N.Y.2d 147, 790 N.E.2d 1174, the seminal case on objectionable conduct, the Court of Appeals affirmed an Order of the Appellate Division, First Department, and held as follows:

> "Defendant has not shown the slightest indication of any bad faith, arbitrariness, favoritism, discrimination or malice on the cooperative's part, and the record reveals none. . . Moreover, as the Appellate Division noted, the cooperative emphasized that upon the sale of the apartment it "**will 'turn over [to the defendant] all proceeds after deduction of unpaid use and occupancy, costs of sale and litigation expenses incurred in this dispute" 296 A.D.2d at 127.**

(100 N.Y.2d at 157, 790 N.E.2d at 1181). In *Pullman,* as in this case, the tenancy of a proprietary lease holder of a cooperative apartment building was terminated for objectionable conduct. Following the First Department's decision in *Pullman*, and upon remand, the Supreme Court, New York County in *Pullman*, issued an Order, which, in relevant part, provided:

> ORDERED AND ADJUDGED that the shares of stock issued to defendant appurtenant to the proprietary lease for apartment 7B are cancelled and that plaintiff may issue and sell stock of Plaintiff, appurtenant to a proprietary lease for the Premises, **by public auction or private sale** and shall hold the proceeds of sale in escrow with [the cooperatives'] attorneys, . . . until further order of this Court . . ."

[* 5]

(*Pullman*, No. 121783/00, 2002WL34538405 (Sup. Ct. N.Y. Cnty. Jul. 24, 2002) (*emphasis added*). Clearly, there is precedent for a non-judicial sale of the proprietary shares of a lessee whose tenancy had been terminated for objectionable conduct.

Further, "[i]n the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination 'so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith'" (*40 W. 67th St. v. Pullman,* 100 N.Y.2d 147, 153, 760 N.Y.S.2d 745, 790 N.E.2d 1174, quoting *Matter of Levandusky v. One Fifth Ave. Apt. Corp.,* 75 N.Y.2d 530, 538, 554 N.Y.S.2d 807, 553 N.E.2d 1317). "To trigger further judicial scrutiny, an aggrieved shareholder-tenant must make a showing that the board acted (1) outside the scope of its authority, (2) in a way that did not legitimately further the corporate purpose or (3) in bad faith" (*40 W. 67th St. v. Pullman,* 100 N.Y.2d at 155, 760 N.Y.S.2d 745, 790 N.E.2d 1174). No such showing has been made in this case and accordingly, the Boards decision to conduct a private/non-judicial sale of petitioner's shares should be upheld. In sum, the respondent is not barred from conducting a private/non-judicial sale of petitioner's shares.

### C. Petitioner's Request for an Injunction:

That branch of the petition for a preliminary injunction enjoining the respondent from taking any action in furtherance of the March 10, 2023 Notice of Sale is granted, but only to the extent that the respondent is enjoined for going forward with a sale of petitioner's shares in the Coop until a new Notice of Sale, that meets all the necessary requirements, is served on the petitioner. Obviously, the auction sale scheduled in the March 10, 2023 Notice of Sale cannot go forward as the scheduled sale date has long ago past.

### D. Petitioner's Request for Attorneys' Fees and Cost:

That branch of the petition in which the petitioner seeks reasonable attorneys' fees and cost is denied.

The Court has considered the petitioner's remaining argument in support of the petition and find them to be unavailing.

6

[* 6]

A.     **Motion Sequence No. 2:**

1.     **Respondent's Motion to Dismiss**:

That branch of Motion Sequence No. 2, in which the respondent seeks an Order, pursuant to CPLR § 7804 (f) and CPLR § 3211(a)(1), dismissing the petition is **GRANTED** for the reasons stated above.

2.     **Respondent's Request for Attorneys' Fees and Cost:**

That branch of Motion Sequence No. 2, in which the respondent seeks reasonable counsel fees in responding to the petition is granted. **Paragraph** 28 of the proprietary lease, entitled "Reimbursement of Lessor's Expenses, provides.

> If the Lessee shall at any time be in default hereunder and the Lessor shall incur any expense (whether paid or not) in performing acts which the Lessee is required to perform, or in initiating any action or proceeding based on such default, **or defending, or asserting a counterclaim in, any action or proceeding brought by the Lessee**, the expense thereof to the Lessor, including reasonable attorneys' fees and . disbursements, shall be paid by the Lessee to the Lessor on demand, as additional rent.

Under this provision, the respondent, who incurred expenses in defendant this proceeding which was brought of the petitioner-lessee, is entitled to recover these expenses from the petitioner, including attorneys' fees.

B.     **Motion Sequence No. 3:**

Respondent's request for use and occupancy is denied (*Matera v. Stram*, 27 Misc. 3d 1, 3, 897 N.Y.S.2d 582, 583)

For the above reasons, it is hereby

ORDERED and ADJUDGED that the petition is GRANTED, solely to the extent that the respondent is enjoined for going forward with a sale of petitioner's shares in the Co-op until a new Notice of Sale meeting all the necessary requirements has been served on the petitioner. The petition is otherwise DISMISSED in its entirety; it is further

7

ORDERED that the branch of Motion Sequence No. 2, in which the respondent seeks to recover the expenses it incurred in defending this proceeding, including reasonable attorney's fees, is GRANTED, and this matter is hereby referred to a Special Referee, to hear and determine the amount of said expenses; and it is further

ORDERED that Motion Sequence No. 3 is DENIED; it is further

This constitutes the decision, order, and judgment of Court.

Dated: September 18, 2024

_PPS_
_____

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

8