Sunny v Hossain (2025 NY Slip Op 01251)

Sunny v Hossain

2025 NY Slip Op 01251

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-06221
 (Index No. 710088/22)

[*1]Saifus Sayeed Sunny, et al., appellants, 
v
Sadar M. Hossain, defendant, Lakeview Loan Servicing, LLC, respondent.

Andrew B. Schultz, Franklin Square, NY, for appellants.
Dorf Nelson & Zauderer LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered April 10, 2023. The order granted the motion of the defendant Lakeview Loan Servicing, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
As alleged, in September 2013, the plaintiffs, Saifus Sayeed Sunny and Shirin Akhter, as husband and wife, purchased a residential property located in Ozone Park (hereinafter the subject property). In 2020, Sunny filed a petition for declaratory relief against the defendants, Lakeview Loan Servicing, LLC (hereinafter Lakeview), and Sardar M. Hossain, among other things, to quiet title to the subject property (hereinafter the 2020 proceeding). In the 2020 proceeding, Sunny alleged, inter alia, that he acquired ownership of the subject property in 2013, and that a 2019 deed purporting to transfer title to Hossain contained Sunny's forged signature. Lakeview moved pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against it on the ground that Sunny failed to comply with the requirements of RPAPL 1515.
By order and judgment entered September 15, 2021, the Supreme Court consolidated the petition and Lakeview's motion to dismiss the petition insofar as asserted against it "for purposes of disposition," denied the motion, denied the petition, and dismissed the proceeding. The court concluded, among other things, that Sunny "fail[ed] to demonstrate his entitlement to judgment, as the evidence submitted is insufficient to support his allegations of forgery" and that his "signature was acknowledged before a notary." Sunny did not move for leave to renew or reargue, and he did not appeal from this order and judgment.
In May 2022, the plaintiffs commenced this action pursuant to RPAPL article 15 against the defendants, again to quiet title to the subject property and to void Hossain's deed based on an allegedly forged signature. Lakeview moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, contending that the action was barred by the doctrine of res judicata. By order entered April 10, 2023, the Supreme Court granted Lakeview's motion. The [*2]plaintiffs appeal.
Pursuant to CPLR 3211(a)(5), a party may seek dismissal of a cause of action based upon the doctrine of res judicata (see Ciafone v City of New York, 227 AD3d 946, 946). "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [internal quotation marks omitted]; see Gregg v Lan Zhen Chen, 220 AD3d 697, 698). "The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959 [internal quotation marks omitted]; see Gregg v Lan Zhen Chen, 220 AD3d at 698). "[R]es judicata also bars future litigation by those who were in privity with the parties to the prior action" (Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale, 270 AD2d 374, 375; see Watts v Swiss Bank Corp., 27 NY2d 270, 277; Bayer v City of New York, 115 AD3d 897, 898).
In the 2020 proceeding, Sunny sought declaratory relief and to quiet title to the subject property as against the defendants in this action. In the order and judgment, the Supreme Court, inter alia, dismissed the proceeding on the merits, concluding, among other things, that the allegations of forgery were wholly conclusory and that the signature on the alleged deed had been acknowledged before a notary. As noted, Sunny did not appeal from the order and judgment issued in the 2020 proceeding. Because this action essentially asserts the same causes of action against the same parties, all causes of action insofar as asserted by Sunny are barred by the doctrine of res judicata.
Further, Akhter, as a former co-owner of the subject property, is in privity with Sunny (see Suter v Ross, 179 AD3d 1127, 1129; see generally Watts v Swiss Bank Corp., 27 NY2d at 277), and thus, the causes of action insofar as asserted by Akhter in this action are also barred by the doctrine of res judicata (see Gregg v Lan Zhen Chen, 220 AD3d at 699).
To the extent that the plaintiffs directly challenge the reasoning and determination set forth in the order and judgment in the 2020 proceeding, such contentions are not properly before this Court, as Sunny did not appeal from that order and judgment.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court